JOHN ANDERSON *et al.*, plaintiffs in error, *v.* JAMES SEMPLE *et al.*, defendants in error.

### *Error to St. Clair.*

An inquisition of damages, taken upon a default, is a verdict within the meaning of the statute.

If a declaration contain several counts, some of which are faulty, but one of them is good, and a verdict is rendered for the plaintiff, the Court will presume, unless the contrary is shown, that the evidence was offered under and sustained the good count. The defendant may, under the statute, ask to have the faulty counts disregarded by the jury, and if the Court refuse so to instruct them, a bill of exceptions may lie. By so doing, the plaintiff's proofs will be confined to the good count; but if, in fact, evidence is only offered in support of faulty counts, and the defendant does not avail himself of his right to have the jury properly instructed, it is his fault in not attending to his case.

COVENANT in the St. Clair Circuit Court, brought by the plaintiffs in error against the defendants in error. At the October term 1845, the Hon. Gustavus P. Koerner presiding, the defendants not appearing, a default was entered against them. A jury was impannelled to assess the damages, and a verdict was rendered for the plaintiffs for $2319.

At a subsequent day of the term, one of the defendants appeared, and entered a motion in arrest of judgment on account of the alleged insufficiency of the declaration. The Court sustained the motion, and judgment was arrested as to the damages, but not as to the costs.

*L. Trumbull,* for the plaintiffs in error, argued that the several counts of the declaration were sufficient, and cited numerous authorities in support of the same; but as the Court did not decide that question, his points and authorities will not be stated here. He made the following additional points:

Our statute is almost a literal copy of the Virginia Statute, and in that State it is expressly held, that the statute applies to the case of a verdict rendered upon a writ of inquiry. *Rowe* v. *Crutchfield,* 1 Hen. & Munf. 461; *Johnson* v. *Mullen,* 12 Ohio, 10; *Swearingen* v. *Bank of Mt. Pleasant,* 13 do. 200.

The return of the jury of the amount of damages is called

a verdict, and not the spirit, but the very letter of the statute applies to the case. *Wright* v. *Bennett*, 3 Scam. 259.

By the default, the defendants admit the allegations of the declaration to be true, and they are surely in no better condition than if the facts had been found to be true by a jury.

Judgments for default of plea, or *nil dicit*, are placed upon the same footing as judgments upon issue. Rev. Stat. 51.

The common law rule, that judgments must be arrested, when there is one bad count, and the others not, is inconvenient and ill founded. *Grant* v. *Astle*, Doug. 729; *Sharp* v. *Curtiss*, 15 Conn. 533; *Pritchard's Adm'r* v. *Culver*, 2 Harrington, 132.

It never did obtain in criminal cases, and the Court will only need an excuse to take leave of so absurd a rule.

*J. Gillespie*, for the defendants in error, confined his argument to the alleged insufficiency of the several counts in the declaration.

*M. Brayman*, for the defendants in error, in continuation.

An arrest of judgment is proper where the declaration is "substantially defective," and contains intrinsic cause, apparent upon the face of the record, for such arrest. In such case, there is not sufficient substantial merit in the record to form the *substratum* of a judgment. *Wright* v. *Bennett*, 3 Scam. 259; *Evans* v. *Lohr*, 2 Scam. 514; Gould's Pl. 493, § 4.

The declaration in this case contained three counts. If any one of these be bad, judgment was properly arrested. Such is the common law rule. 1 Leigh's N. P. 706; 1 Saund. 228, note 1; *Demott* v. *Field*, 7 Cowen, 58; *Hopkins* v. *Beadle*, 1 Caines, 349; *Goodrich* v. *Wolcott*, 3 Cowen, 239; Graham's Pr. 641. The statute of amendments and jeofails cures formal defects only, not affecting defects of substance. Rev. Stat. ch. V. 51.

Section 25, ch. 83, Rev. Stat. 417, relates wholly to verdicts, and this is not a verdict; 2 Strange, 1271; but a default, which waives no rights, and admits nothing but that which is well pleaded.

Anderson *et al. v.* Semple *et al.*

When all the counts are of the same character, and the same class of evidence will apply to all, the effect of sustaining judgments given generally, by the aid of a presumption that the evidence was given under the good counts, may not be so mischievous; *Williams* v. *Smith*, 3 Scam. 524; but apply the rule to those of an opposite character, and most absurd, as well as injurious consequences will follow. For example: A. sues B. in an action of covenant, his declaration contains two counts; the first alleges breach of the covenant of seizin, for which the consideration paid, (say $5,000) is the true measure of damages. The second count alleges breach of the covenant for possession and quiet enjoyment. The only evidence given is under the second count, showing a disturbance of the possession, and proving (say $100) damages, for which judgment is rendered generally. The case is brought into the Supreme Court on writ of error. The second count, under which the evidence was given, proves to be bad; the first is good, and though no proof was given under it, the Court presumes such to have been the fact, and affirm; so that by transferring the testimony to an improper count, the judgment rests on a supposed breach of the covenant of seizin, the damages being, not the consideration money, but the value of the injury by disturbance of the possession. And if, in such a case, the plaintiff afterwards discovers in reality a breach of the covenant of seizin, is he not barred by the former recovery from having his action, and compelled to content himself with the sum already awarded.

*Trumbull*, in reply, cited 1 Tidd's Pr. 582; *Morton* v. *Bailey*, 1 Scam. 215.

The Opinion of the Court was delivered by

SCATES, J.* A history, rather than an abstract of the pleadings, is all that I deem necessary in this case, as the only material questions are questions of practice.

The plaintiffs brought an action of *covenant* upon the cove-

---

* WILSON, C. J., did not sit in this case.

nants in a deed for a breach of the warranty, by which they had lost their title. The declaration contained three counts. The defendants made default. A jury was impannelled and assessed damages. Whereupon, on motion of defendants, the Court arrested judgment upon the ground that some of the counts in the declaration were bad. This is assigned for error.

Although some of the counts may be faulty, we are of opinion that the order of the Court was erroneous. It is provided by our statute, (Rev. Stat. ch. 82, § 25), that "whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed, if any one or more of the counts be good. But if one or more counts be faulty, the defendant may apply to the Court to instruct the jury to disregard such faulty counts." Is an inquisition of damages, taken upon a default, a verdict within the meaning of the statute? We are of opinion it is.

In *Rowe* v. *Crutchfield*, 1 Hen. & Mun. 361, a similar question arose upon a statute like ours, and was held for the plaintiff. See, also, *Duke of Bedford* v. *Allcocke*, 1 Wilson, 252–3. The rule at common law was, that where entire damages were given, and there was a faulty count, this shall be fatal. It was to remedy this inconvenient and ill-founded rule that our statute was passed. We will presume, unless the contrary is shown, that the evidence was offered under and sustained the good counts. The defendants may, under the statute, ask to have the faulty counts disregarded by the jury, and this becomes matter of right, and for a refusal a bill of exceptions might lie. In this way, they may confine the plaintiffs in their proofs to such counts as are good, and so compel them to make out their case, by proof of sufficient counts. If, in fact, evidence was offered in support of the faulty counts only, it is their fault in not attending to their case. See 12 Ohio, 10; 13 do. 200.

The order arresting the judgment will be set aside, and the cause remanded for further proceedings in the Court below. Cost to be paid by the defendants.

*Judgment reversed.*