B. A. SANDS *et al.*

*v.*

A. WACASER.

*Filed at Springfield April 2, 1894.*

1. EJECTMENT—*against one rightfully in possession.* While, as a general rule, the legal title must prevail in actions at law, ejectment can not be maintained against one in the lawful and rightful possession of land.

2. The action of ejectment proceeds for the possession of the premises, claiming that they have been unlawfully entered upon and unjustly withheld. When the defendant's possession is rightful, and the plaintiff is not wrongfully kept out of possession, the action can not be maintained.

3. In August, 1854, the owner of land gave a bond for a deed to a railway company for its right of way, the deed to be made upon the definite location of the railroad, and the company was then to have the right of entry, which it exercised in 1872, without objection. The railroad changed owners, and in 1887 the owner of the land conveyed the same to a party who had notice of the equities of the railway company, and who, in 1890, demanded possession of the land and brought ejectment: *Held,* that the action would not lie.

4. RIGHT OF WAY—*agreement to convey—when binding on subsequent purchaser.* Where an agreement of a land owner and a railway company for the conveyance of a strip of land for a right of way is once acted upon without objection, and the railroad constructed, its provisions will be binding upon the original owner and his grantee with notice.

5. POSSESSION—*as notice of rights.* The possession by a railroad company of land used for its right of way, is notice to the purchaser of the land that the company is occupying under a claim of right, and such possession is sufficient to put the purchaser on inquiry.

6. LACHES—*who may invoke the doctrine.* A purchaser of land with notice of a railway company's right of way across the same, can not be heard to complain of the *laches* of the company, which his grantor had waived by permitting the company to enter under the contract.

7. NEW TRIAL—*motion for—when trial is had by court alone.* Where a cause is tried before the court without a jury, a motion for a new trial will be unnecessary to preserve the questions arising upon the record.

APPEAL from the Circuit Court of Piatt county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This was ejectment, by appellee, against appellants, trustees, and the Indianapolis, Decatur and Western Railroad Company, to recover a strip of land fifty feet wide off of the south side of the north-east quarter of section 36, township 16, north, range 5, east of the third principal meridian, in Piatt county. The case was heard by the court without a jury, upon facts stipulated by the parties, and an agreement introduced under the stipulation, entered into by John S. Hayward, and Henrietta Hayward, his wife, with the Indiana and Illinois Central Railroad Company, March 15, 1854, by which the said Haywards, under their hands and seals, "in consideration of the probable location of the Indiana and Illinois Central railroad over and upon the premises hereinafter described, and one dollar to them in hand paid by the company, do hereby, for themselves, their heirs, executors, administrators and assigns, covenant and agree to and with" said railroad company, "to convey to said company, by a good and sufficient deed of quitclaim, with warranty against any claiming by or under them, at any time within one year from the date hereof, the right of way of the width of one hundred feet, as the same shall be located through the lands and premises now owned by them." Then follows a description of various tracts, including the quarter section in section 36, etc., and proceeds: "With full power, on the definite location of said road, to enter upon said lands and premises of the width aforesaid, and occupy, use and control the same, with all the rights, privileges, profits and appurtenances of every kind, as in fee simple, so long as the route or·track of said railroad shall continue to be over and upon the same."

It was stipulated that plaintiff showed a regular chain of title from the government to John S. Hayward, and a conveyance from Hayward and wife to himself, in the year 1887,

without reservation, etc., of said right of way; that the land was then unfenced, open prairie; that said Indiana and Illinois Central Railroad Company built its railroad over and upon said quarter section in 1872, and has ever since occupied the strip of land in controversy for and as right of way; that both parties have, since its occupancy by the railroad, paid taxes on said strip; that defendant railroad company is the legal successor of said Indiana and Illinois Central Railroad Company, and claims under said agreement as such.

In July, 1890, plaintiff demanded possession, in writing, and on August 19, 1891, without further notice or demand, brought this suit. There was finding and judgment for plaintiff, and the defendants appeal.

Messrs. LODGE & HICKS, for the appellants.

Mr. W. G. COCHRAN, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The Indiana and Illinois Central Railroad Company, of which it is stipulated the appellant company was the legal successor, in 1872 entered upon the tract of land in dispute and built thereon its railway, under an agreement entered into by the owners of the land in 1854. By that agreement, under the hands and seals of the owners, they agreed, for the consideration therein named, to convey to the said Indiana and Illinois Central Railroad Company, within one year, by quitclaim deed containing a covenant of warranty as against all persons claiming under them, a strip of land one hundred feet wide, out of the quarter section upon which the strip in controversy is situated, and other tracts particularly described and owned by them, as said railroad should be located through or over said lands; and it was expressly agreed, that "on the definite location of said road" said railway company should have "full power to enter upon said lands and premises of the width aforesaid, and to occupy, use and control the same,

with all the rights, privileges, profits and appurtenances of every kind, as in fee simple, so long as the route or track of said railroad shall continue to be over and upon the same." And it was further provided, that if the use of the land by the company should be abandoned or the tracks permanently changed, said lands should revert; and that the said railroad company should erect and maintain fences, cattle-guards, crossings, etc., necessary to the use of the land, at its own charge. No deed was ever made, but in 1872, the ownership of the lands remaining the same, said railway company entered upon and took possession of the tract in dispute, built thereon its roadway and tracks, and has ever since continued to occupy and use the same as its right of way.

If this suit had been brought by Hayward, the owner making said agreement, and who continued to be the owner up to the year 1887, and who permitted the railroad company, without objection, to enter upon said land and build its railroad thereon, it is clear he could not have maintained this action. By the agreement, executed under his hand and seal, the right was given, upon the "definite location" of the railroad, to enter upon, use and occupy the land. The railroad company was lawfully in possession under the agreement, it having performed the conditions on its part,—that is, the definite location of its line of road on the land.

While, as a general rule, the legal title must prevail in actions at law, ejectment can not be maintained against one in the lawful and rightful possession of land. "That action," it is said in *Stowe* v. *Russell et al.* 36 Ill. 36, "proceeds for the possession of the premises, claiming they have been unlawfully entered upon and unjustly withheld," and it was held that facts which disprove the unlawful entry or unjust withholding constitute a legal defense to the action. In *Turpin* v. *Baltimore and Ohio and Chicago Railroad Co.* 105 Ill. 11, a case not distinguishable in principle from the one at bar, it was said: "Where the defendant's possession is rightful and

the plaintiff is not wrongfully kept out of possession, it is very well settled by the decisions of this court that the action of ejectment can not be sustained." The same principle has been announced, with more or less distinctness, in *Sloan* v. *Petrie,* 16 Ill. 262, *Staley* v. *Murphy,* 47 id. 241, *Kilgour* v. *Gockley,* 83 id. 112, *Gridley* v. *Hopkins,* 84 id. 532, *Railway Co.* v. *Karnes,* 101 id. 403, and *Chicago and Eastern Illinois Railway Co.* v. *Hay,* 119 id. 493. In view of these decisions an examination of the general rules will not be necessary.

It is stipulated that appellee (plaintiff below) purchased the land in 1887,—practically fifteen years after the road had been built and in operation. The possession by the railway company was notice to him that it was there under a claim of right, and the slightest inquiry, either of his grantor, Hayward, or of the railway company, would have advised him of the extent and nature of that right, and that the possession was under said agreement for a deed, with the right to enter upon, use and occupy the land as a railroad right of way, as it was being used, and he, therefore, stands in no better position to question the rightfulness of the entry and occupancy by the railway company than did his grantor.

It is, however, said, that the railroad company was guilty of *laches* in not building its road across the land for eighteen years after the agreement was entered into. Of this, it only need be said that appellee, being chargeable, at the time of his purchase, with notice of the railway company's rights, can not be heard to complain of *laches* which his grantor had waived by permitting the railway company to enter under the contract, construct its road, and operate it for fifteen years before appellee acquired any interest in the land. The agreement having been acted upon and the railroad constructed, its provisions were binding upon the original owner and his grantee with notice. *Russell* v. *Hubbard,* 59 Ill. 335; *Morris* v. *Indianapolis, Bloomington and Western Railroad Co.* 76 id. 522; *Turpin* v. *Railroad Co. supra.*

The cause having been tried before the court without a jury, a motion for a new trial was unnecessary to preserve the questions arising upon the record.

We are of the opinion that the facts here shown constituted a legal defense to the plaintiff's action, and the judgment of the circuit court will accordingly be reversed and the cause remanded.

*Judgment reversed.*