MARVIN P. ALFORD, Admr.

*v.*

HENRY DANNENBERG.

*Opinion filed December 21, 1898.*

| 177 | 331 |
|---|---|
| f97a | ²546 |
| 177 | 331 |
| 196 | ³375 |
| 177 | 331 |
| 212 | ² 35 |

1. APPEALS AND ERRORS—*an error cannot be assigned on Appellate Court's opinion.* Error cannot be assigned on the Appellate Court's opinion, nor, in the absence of error in the record, can the Supreme Court reverse a judgment of the Appellate Court upon a consideration of the reasons given in its opinion for entering the judgment.

2. VARIANCE—*objection of variance must be made at trial.* If there is a discrepancy between plaintiff's allegations and evidence, the defendant, if he has not objected to the introduction of the evidence, should move to exclude it, in order that he may, by obtaining a ruling from the court, preserve the question for review.

3. PRACTICE—*motion for new trial does not preserve question of variance for review.* The denial of a motion for a new trial, which is grounded in part upon an alleged variance, does not preserve the consideration of such variance as a question of law for review by the Supreme Court, in the absence of an objection to or motion to exclude the objectionable evidence at the trial.

*Alford* v. *Dannenberg,* 76 Ill. App. 376, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

FRANK S. WEIGLEY, for appellant.

E. C. MAPLEDORM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In May, 1892, appellee fell from a trestle while working as a carpenter on a shed building for the firm of William Wilkens & Co.; in Chicago. He brought this suit against appellant, as administrator of the estate of Louis Wilkens, a member of the firm at the time of the accident, and charged that the fall of the trestle was due to the negligence of the firm, through its foreman, in order-

ing an employee who had been holding or steadying the trestle to leave it unsupported. There was judgment for appellee, and the Appellate Court affirmed the judgment.

The points relied upon to secure a reversal are, that the cause of action charged in the declaration was wholly unproved; that the Appellate Court treated the failure to prove the acts of negligence alleged as a mere variance between the proof and declaration, and that the motion for a new trial is sufficient to warrant this court in examining the testimony to determine whether there was such failure of proof.

The claim that the Appellate Court so treated the question whether the cause of action alleged was proved, rests upon an expression in the opinion of that court. Error cannot be assigned upon the opinion, and we can not decide the case upon the consideration of the reasons given for the judgment. Unless some error is apparent from the record we cannot reverse the judgment. It is a just and salutary rule that the evidence must support the charge of negligence contained in the declaration, and that a particular act or omission cannot be charged and another and different one proved. The defendant is entitled to notice of the particular act or omission of duty with which he is charged, that he may be prepared to meet it, and if there is a material variance, which is insisted upon by the defendant at the trial, it will be error not to sustain his objection. If a plaintiff, having charged particular negligence, attempts at the trial to prove other and different acts or omissions as a ground of liability, it is a valid and meritorious objection that a different cause of action is being proved than that which was alleged. There are many cases where it is impossible to make the objection in advance, as where a witness is detailing some transaction; but the ground upon which a verdict is asked necessarily becomes apparent at some time during the trial, and if it is not the same as that alleged, it is the duty of the court to act upon objection or

proper motion to exclude the evidence.  If the difference between the allegations and proof consists in a mere discrepancy between the statement of the cause of action in the declaration and the evidence produced to establish it, the question of variance which thereby arises must be presented during the trial, so that the court may rule upon it, and if the objection is sustained there may be an opportunity for amendment.  (*Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511; *Libby, McNeill & Libby* v. *Scherman*, 146 id. 540.)  The record in this case shows that the evidence introduced at the trial related to the same accident and fall of the trestle, and consequent injury, charged in the declaration.  At most there was nothing more than a discrepancy between the statement of the cause of action and the evidence introduced.  The question of variance not having been raised at the trial could not be presented and insisted upon afterward.

A motion for a new trial is designed to bring in review before the trial court the occurrences of the trial which has been had, and to present for consideration alleged errors during the course of the trial.  Its purpose and scope are the correction of errors which may be obviated upon another trial, whether consisting of rulings on the part of the court, or action by the jury in disregarding the evidence, or finding a verdict contrary to its weight.  The function of the jury is the determination of questions of fact, and, so far as a motion for a new trial challenges the correctness of the finding, it relates to a question of fact.  It does not raise a question of law whether the court erred upon the subject of a variance, unless that question was presented at the trial and there was a ruling upon it.  The Appellate Court may review the action of the trial court in passing upon the question of fact, but its finding in that respect is conclusive.  In this case the judgment has been affirmed, and there is nothing which we are authorized to consider.

The judgment will be affirmed.        *Judgment affirmed.*