EDWARD H. GUYER

*v.*

DAVENPORT, ROCK ISLAND AND NORTHWESTERN RY. CO.

*Opinion filed April 16, 1902.*

1. BILLS OF EXCEPTION—*when a bill of exceptions must be presented.* A bill of exceptions should be presented and signed at the term at which final judgment is rendered, except in cases where counsel consent, or the judge, by an entry of record, directs, that it may be prepared in vacation and signed *nunc pro tunc.*

2. NEW TRIAL—*what a motion for new trial is designed to review.* A motion for new trial is designed to bring in review before the trial court the occurrences of the trial, and hence motions upon the pleadings, and other matters arising before the trial is actually entered upon, furnish no basis for a motion for a new trial.

3. SAME—*when motion for new trial is improper.* If there has been a trial of an issue of law on a demurrer or motion, or an issue of fact has been tried upon a motion, a motion for new trial is improper and unnecessary to secure a review of the final order.

4. SAME—*motion for new trial only necessary where case has been tried by jury.* If a case has been tried before the court without a jury, a motion for new trial is unnecessary to preserve the questions arising upon the record, as an exception to the finding and judgment of the court will raise the question.

5. SAME—*when questions are not preserved by continuance of a motion for new trial.* Alleged errors of the court, in a condemnation proceeding, in treating the petition as having been filed in vacation and in ordering summons to issue, are not proper matters to be embodied in a motion for new trial, and hence are not preserved by a continuance of the motion for new trial so as to permit their being preserved in a bill of exceptions presented and signed at a term after the alleged errors were committed.

6. APPEALS AND ERRORS—*when motion to expunge matters from bill of exceptions will be allowed.* The questions arising in condemnation proceedings before the submission of the case to the jury are to be determined summarily by the court, and the court's rulings thereon must be preserved by a bill of exceptions settled at the term when they were made or upon time allowed by the court, and matters relating thereto will be expunged from a bill of exceptions presented and signed at a subsequent term, although the rulings were assigned as reasons for a new trial and the motion for new trial continued to such term.

7. EMINENT DOMAIN—*when verdict will be sustained on appeal.* A verdict awarding damages in a condemnation proceeding will not

be disturbed on appeal unless grossly inadequate or excessive, where evidence was conflicting and the jury viewed the premises.

8. SAME—*right of jury to base compensation upon their own view of the premises.* If the jury believe, from the whole evidence, that they have arrived at a more accurate judgment as to the value of the premises sought to be taken and of the amount of damages, if any, than is shown by the evidence in open court, they may, upon the evidence, rightfully fix the compensation at the amount approved by their judgment, formed from their view of the premises as a jury, even though it differs from the weight of testimony.

9. SAME—*effect where property is purchased and other property subsequently condemned.* All benefits, as well as damages, arising from the location and construction of a railroad upon property purchased for the purpose must be regarded as settled in that transaction, and neither party, in a subsequent proceeding to condemn additional land of the same owner, can have such benefits or damages considered.

APPEAL from the County Court of Rock Island county; the Hon. LUCIAN ADAMS, Judge, presiding.

This was a petition to condemn certain lands of appellant, lying in the town site of East Moline, for railroad purposes, presented by appellee to the county judge of Rock Island county on March 13, 1901, who endorsed thereon the day of presentation and set the hearing for March 25, 1901, and ordered summons to issue. Thereafter the appellant moved to quash the summons, but the motion was overruled. He then moved to dismiss the petition. On this motion a hearing was had before the court. The court overruled the motion and an exception was taken by the appellant. A jury having been called, appellant interposed a challenge to the array, which challenge was overruled. The jury was then empaneled and sent to view the premises. The appellant then filed his cross-petition for compensation to land damaged but not taken. On motion by the petitioner to strike out a portion of this cross-petition the court allowed the motion as to a part and overruled it as to the remainder, and exceptions were taken by both parties. The trial resulted in a verdict of $1925 as compensation

for land taken and no damages to land not taken. The appellant entered and filed his motion for a new trial, which motion was continued to the next (July) term of the court, when it was overruled and judgment rendered on the verdict. There was no motion in arrest of judgment. From this judgment the appellant has appealed to this court.

SEARLE & MARSHALL, and W. R. MOORE, for appellant:

The jury cannot reject the evidence of witnesses and render a verdict on their own judgment derived from a view of the premises. *Peoria Gas Light Co.* v. *Terminal Co.* 146 Ill. 372; *Hercules Iron Works* v. *Railway Co.* 141 id. 491; *Railway Co.* v. *Schneider*, 127 id. 144; *Green* v. *Chicago*, 97 id. 373; *Mitchell* v. *Railway Co.* 85 id. 566.

Instructions which repeat propositions already given, or are argumentative, or which give unfair prominence to portions of the evidence, or suggest inferences to be drawn therefrom, should be refused. *Pyle* v. *Pyle*, 158 Ill. 289; *Rutherford* v. *Morris*, 77 id. 435.

Instructions, though correct, should not be repeated so many times as to assume the character of an argument. *Wilmerton* v. *Sample*, 39 Ill. App. 60.

While the necessity for and the exercise of the delegated power of eminent domain within the scope and for the uses and purposes named in the legislative grant is not a proper subject for judicial interference, yet courts are clothed with ample power, in condemnation proceedings, to prevent any abuse of such power, and will exercise their authority to prevent such abuse in the proper case. *Railroad Co.* v. *Wiltse*, 116 Ill. 449; *Railroad Co.* v. *Lake*, 71 id. 333; *Schuster* v. *Sanitary District*, 177 id. 626; *Railroad Co.* v. *Railway Co.* 148 id. 509; *Smith* v. *Railroad Co.* 105 id. 511; *Ligare* v. *Railway Co.* 166 id. 255.

JOE R. LANE, and SWEENEY & WALKER, for appellee:

A bill of exceptions not signed in time should be stricken from the files, on motion. *Burst* v. *Wayne*, 13 Ill.

664; *Railway Co.* v. *People*, 106 id. 652; *Dougherty* v. *People*, 118 id. 160; *Hake* v. *Strubel*, 121 id. 321; *Harris* v. *People*, 138 id. 63.

Appellant's motions to quash, dismiss and challenging the array of jurors were overruled by the court at the March term, 1901, yet he did not at that term move the court to sign a bill of exceptions to preserve his exceptions. He therefore waived and lost the right to preserve them in this record. *Evans* v. *Fisher*, 5 Gilm. 453; *Burst* v. *Wayne*, 13 Ill. 664; *Railway Co.* v. *People*, 106 id. 652; *Harris* v. *People*, 138 id. 63; *Hake* v. *Strubel*, 121 id. 321; *Belford* v. *Beatty*, 46 Ill. App. 539; *State* v. *Ware*, 69 Mo. 332; *Hurt* v. *King*, 24 Mo. App. 593; *McDonald* v. *Algeo*, 96 Ill. App. 79; *Kelsey* v. *Hay*, 84 Ind. 189.

Exceptions to the decisions of the court upon appellant's motion to quash, dismiss and challenging the array of jurors, rendered at the March term, should have been preserved in a bill of exceptions of that term, and could not be preserved in a bill of exceptions signed November 15, 1901, of the July term. *Belford* v. *Beatty*, 46 Ill. App. 539; *Harris* v. *People*, 138 Ill. 63; *State* v. *Ware*, 69 Mo. 332; *Hurt* v. *King*, 24 Ill. App. 593; *Cameron* v. *Taylor*, 71 Me. 27; *Pitzer* v. *Railway Co.* 80 Ind. 569.

The order allowing a bill of exceptions entered at the July term, upon overruling appellant's motion to "set aside the verdict and grant a new trial," at most only preserved exceptions to those questions. *Kelsey* v. *Hay*, 84 Ind. 189; *Pitzer* v. *Railway Co.* 80 id. 569.

The verdict of the jury is in accordance with the evidence, is reasonable, and this court will not disturb it. The jury saw the premises, which the court cannot do, and therefore their verdict must stand. *Railroad Co.* v. *Hopkins*, 90 Ill. 316; *Sanitary District* v. *Adam*, 179 id. 434; *McReynolds* v. *Railroad Co.* 106 id. 152; *Railway Co.* v. *Wolff*, 137 id. 360; *Sanitary District* v. *Cullerton*, 147 id. 389; *Cook* v. *Sanitary District*, 177 id. 599; *Railway Co.* v. *Lyons*, 159 id. 579; *Davis* v. *Railway Co.* 170 id. 601; *Railway Co.* v. *Leisy*

*Brewing Co.* 174 id. 547; *Railroad Co.* v. *Stauber*, 185 id. 9; *Kiernan* v. *Railway Co.* 123 id. 188.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee has filed its motion in this court to expunge from the record that part of the bill of exceptions which relates to matters preliminary to the trial by the jury, except the plats afterwards introduced in evidence,— that is to say, the proceedings in relation to appellant's motion to quash the summons, motion to dismiss the petition of appellee and challenge to the array, and appellee's motion to strike out a part of appellant's cross-petition. The reasons assigned in support of this motion to expunge are, that this part of the bill of exceptions covers matters relating to the preliminary questions raised in settling the issue to be tried by the jury, all of which arose at the March term of the court; that no bill of exceptions was taken or filed or time given at that term for one to be settled; that the motion for a new trial made by appellant, which was continued to the July term of court, saved only the exceptions arising on the trial before the jury, and that the preliminary matters are therefore improperly in the bill of exceptions which was allowed at the July term. This motion was reserved to the hearing and will be first disposed of.

The subject of bills of exceptions was exhaustively considered in the case of *Hake* v. *Strubel*, 121 Ill. 321, where it was said (p. 326): "The duty imposed by the law upon the party alleging an exception and desiring to have the erroneous ruling and judgment reviewed in an appellate court, to present his bill to the trial judge for settlement and allowance, signature and sealing, at the term when such alleged erroneous ruling or judgment was made, or within such time as the parties, by their agreement made part of the record, might stipulate, or within the time allowed by the court in its order to that effect appearing in the record, has been often affirmed by this court." The

record before us contains no order at the March term in reference to a bill of exceptions. However, as the cause was continued with the motion for a new trial pending, it is insisted that it was not necessary to file any bill of exceptions until that motion was disposed of, and in support of their view counsel rely on *People* v. *Gary*, 105 Ill. 264. In that case, after quoting from *Evans* v. *Fisher*, 5 Gilm. 453, as follows: "A bill of exceptions should be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the judge, by an entry on the record, directs, that it may be prepared in vacation and signed *nunc pro tunc*," it is said (p. 270): "Of course, what is meant by the expression, 'the term in which the cause is tried,' is the term at which the final judgment is rendered in the cause. It would be useless labor for a party to prepare a bill of exceptions before the motion for a new trial had been passed upon, as it could not be known whether the bill would be needed until the final action of the court on the motion." In *Village of Hinsdale* v. *Shannon*, 182 Ill. 312, it was said (p. 318): "When the motion for a new trial was so finally overruled the judgment became final, and a bill of exceptions could then be tendered to be signed by the judge."

Appellant contends that all the matters set up in his written motion for a new trial were, by the continuance of the motion to the next term, also continued to such term, so that a bill of exceptions could be settled in regard to them at that term. A motion for a new trial is designed to bring in review before the trial court the occurrences of the trial and to present for consideration alleged errors during the course of the trial. (*Alford* v. *Dannenberg*, 177 Ill. 331.) Motions upon the pleadings, and other matters arising before the trial is actually entered upon, furnish no basis for the motion for a new trial. (16 Am. & Eng. Ency. of Law, 610, 611.) We think the rule is correctly stated as follows: "A motion for a

new trial is proper only where there has been a trial of an issue of fact on the pleadings.  * * *  Where there has been a trial of an issue of law arising on a demurrer or motion, a motion for a new trial is improper and not necessary to secure a review of the final order. Where an issue of fact is tried on a motion, a motion for a new trial is improper and unnecessary, as the law contemplates such motion only after an issue of fact has been tried on the pleadings." (14 Ency. of Pl. & Pr. 853.) Grounds for a new trial do not include errors in rulings made before trial or after entry of judgment. "A new trial will not be granted on account of errors or defects in the pleadings. Errors in rulings on demurrers and motions relating to the pleadings may be reviewed on exceptions without a motion for a new trial. Such errors of law are not grounds for a new trial." 14 Ency. of Pl. & Pr. 827-829.

Appellant's motion for a new trial alleged (1) that the court erred in treating the petition as a petition filed in vacation; (2) that the jury was not drawn according to the statute; (3) that the court erred in overruling the motion to quash the summons; (4) that the court erred in overruling the challenge to the array; (5) that the court erred in overruling the motion to dismiss the petition; (6, 7, 8) that the court erred in respect to its rulings and action on a certain paper demanded by the appellant as evidence on the hearing on the motion to dismiss the petition; (9, 10, 11, 12) the court erred in the admission and exclusion of evidence and in the giving and refusing of instructions; (13, 14, 15) that the verdict was contrary to the law, to the evidence and to the law and the evidence.

The first, second, third and fourth reasons are all based on the contention that the court treated the petition as filed in vacation and ordered summons to issue and the jury to be drawn accordingly. The fifth, sixth, seventh and eighth relate to the motion to dismiss the petition, and the rest are applicable to the trial by the jury. The

fifth, sixth, seventh and eighth reasons assigned relate to rulings of the court in refusing to dismiss the petition, and could not affect the question tried by the jury. The only function for the jury was to fix the amount of compensation to be awarded for land taken and to determine the question of damages as to lands not taken. The court had already determined, without a jury, as is the correct practice, that the petition contained the proper jurisdictional averments and that they were true. The questions arising preliminarily to the submission to the jury, in such cases, are to be determined summarily by the court, and its rulings are subject to review. (*O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151.) But such rulings are not properly embraced in a motion for a new trial. The motion was, and properly, "to set aside the verdict of the jury and grant a new trial." No errors committed in passing on the sufficiency or truth of the averments of the petition could be reached by such motion, and the assignment of such errors as reasons for the motion for a new trial should be disregarded by the court in passing on the motion. They were therefore not preserved by the continuance of the motion for a new trial to the next term, but should have been embodied in a bill of exceptions settled and filed at the March term, or time given by an entry of record for the same to be done at some future time. A motion for a new trial is only necessary where the case has been tried by a jury. If it has been tried by a court without a jury a motion for a new trial is unnecessary to preserve the questions arising upon the record. An exception entered to the finding and judgment of the court will raise the question. 2 Shinn's Pl. & Pr. sec. 964; *Sands* v. *Wacaser*, 149 Ill. 530; *Mahony* v. *Davis*, 44 id. 288.

The second reason given in the motion for a new trial, —that the jury was not drawn according to the statute,— is the same reason given in the challenge to the array. Whether the action of the court in overruling the chal-

lenge to the array is preserved by the motion for a new trial we are not called upon to decide, for, even if it were, we could not consider it because no exception to such action of the court in overruling the challenge appears in the bill of exceptions.

The motion to expunge will be allowed as to the matters indicated above and to the refusal to quash the summons, and overruled as to all others.

The assignment of errors is the same as the reasons assigned in the motion for a new trial. All the objections relating to the proceedings before the court which were preliminary to the trial by the jury to fix the compensation having been eliminated from the record, there remains but to notice the objections germane to the jury trial.

In the argument of appellant it is urged as error that the court struck out of the appellant's cross-petition the demand for compensation for the violation of a certain agreement claimed to have been made between appellant and appellee. Without determining whether this is properly in the bill of exceptions, it is sufficient to say that none of the errors assigned cover this contention, and it cannot be considered.

It is contended that the verdict of the jury is palpably unjust and against the preponderance and weight of the evidence. As is usual in condemnation proceedings, the estimates of the appellant's and appellee's witnesses on the question of damages are wide apart. The jury viewed the premises, and we do not know what weight they gave to the testimony of the witnesses or to what extent they relied upon the evidence obtained by them from their own view of the premises. We cannot, therefore, say whether the damages are inadequate and against the weight of the evidence or not. We do not regard the damages as grossly inadequate under the evidence in this case, and it is the settled doctrine of this court that the damages awarded by a jury in a condemnation proceed-

ing will not be disturbed where the evidence is conflict-
ing and the jury viewed the premises.   *Indiana, Illinois
and Iowa Railroad Co.* v. *Stauber*, 185 Ill. 9, and cases cited.

It is in the next place contended that the court erred
in giving to the jury, at the instance of the petitioner,
each of the following instructions:

9. "The court further instructs the jury that the de-
fendant, by selling to the petitioner the land for right of
way, switch yard and railroad purposes, as testified by
him, thereby settled for and released all damages to his
other land occasioned by the use of the same for all rail-
road purposes, and that only the additional damages,
occasioned by the laying of the road where it has, upon
the land sought to be condemned, if you believe there is
any such damage, can be considered by you in any event;
and as against any such damages, *if any*, you may offset
any special benefits which he receives by the location
of the road, as shown by the evidence, including your
view."

11. "The court further instructs the jury that the de-
fendant is entitled to the fair cash market value of the
land taken in this proceeding and to any damages to his
other lands, if any, provided such damages, *if any*, ex-
ceed the special benefits, if any, which accrue to him,
or said land not taken, by reason of the construction
and location of petitioner's road upon his property in
East Moline."

13. "The court further instructs the jury that if they
believe, from the whole evidence, that they have, from
personal examination of the premises, arrived at a more
accurate judgment and determination as to the value of
the premises sought to be taken and of the amount of
damages, *if any*, than is shown by the evidence in open
court, then and in that case they may, upon the evidence,
rightfully fix the value of land taken and the amount of
damage, *if any*, over and above special benefits, *if any*,
at the amount so approved by their judgment, so formed

from personal examination of the premises as a jury, even though it may differ from the amount testified to, and from the weight of testimony given by witnesses in open court."

We do not find that the objection to the thirteenth instruction is well taken. It does not, as counsel contend, authorize the jury to fix the compensation from their own view of the premises without regard to the testimony in the case, but that part of the instruction relating to their own view is based upon the condition that "they believe, from the whole evidence, that they have, from personal examination of the premises, arrived at a more accurate judgment and determination as to the value of the premises sought to be taken and of the amount of damages, if any, than is shown by the evidence in open court." The instruction conforms to the law on this point as declared by this court in *Kiernan* v. *Chicago, Sante Fe and California Railway Co.* 123 Ill. 188, and *Chicago General Railway Co.* v. *Murray,* 174 id. 259.

But we are unable to agree with the court below in its view of the law as stated to the jury in said ninth and eleventh instructions. The evidence showed that appellant had previously sold and conveyed to the petitioner certain land for its right of way, etc., through his lands in East Moline, but that the petitioner found, after it had located and constructed its road thereon, that it needed additional land, and it filed its petition in this case to condemn the land now in question. The court instructed the jury, and properly, that in selling and conveying the land for such right of way, etc., appellant settled and released all damages to his other land caused by the sale and use of the land conveyed for railroad purposes, and could only recover any additional damages to other lands caused by the taking and use of the additional land sought to be condemned. But the same rule should also have been applied against the company to the special benefits to other lands which the jury were author-

ized to deduct from such damages. In other words, all such benefits, as well as damages, which arose from the location and construction of the road through East Moline on the land purchased of appellant were settled in that transaction, and neither party in the subsequent proceeding to condemn the additional land now in controversy could have such damages or benefits considered. In this respect these instructions were erroneous, and no other instruction given cured the error. They would lead the jury to understand that while the damages to land not taken were to be restricted to such as would be caused by the taking and use for railroad purposes of the land to be condemned, it would be proper to offset such damages by any special benefits the owner might receive from the location of the railroad through the town. This was clearly an erroneous view and prejudicial to appellant. Nor, in view of the verdict, can it be said that no harm was done to appellant by such instructions, for although it was shown that the land condemned was taken out of certain lots of appellant, leaving them separated into parts, nothing was allowed by the jury as damages to these parts of lots not taken, unless the jury found that such damages were overbalanced by the special benefits to such parts and to other lands. Compensation for the land actually taken only was allowed, and it may well have been that the jury considered that the damages to lands not taken, as properly restricted by the ninth instruction, were more than balanced by the benefits appellant received to all of his lands by the construction and use of the road and station in the town. The rule in regard to special benefits was in other respects not carefully stated, as said by appellant's counsel, but the material error was as we have pointed out.

For giving these instructions the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*