## Chicago City Railway Company v. Mary Phillips.

### Gen. No. 13,604.

1. VERDICT—*what sufficient to sustain.* One good count, to which the evidence is applicable and of sufficient preponderating weight to support the action under such count, is sufficient to satisfy the requirements of the law, regardless of the fact whether or not there is proof sustaining the other counts of the declaration.

2. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review, as contrary to the weight of evidence, unless clearly and manifestly so.

3. VARIANCE—*when question of, raised too late.* In the absence of a motion to exclude made at the time of the alleged variance appearing, a motion to direct a verdict made at the close of all the evidence is too late, and the question of waiver is effectually and finally waived.

4. INSTRUCTIONS—*when action of court in refusing to instruct that there could be no recovery under a particular count, harmless error, if error at all.* The action of the court in refusing to instruct the jury that there can be no recovery under a particular count, if error at all, is harmless error, where the statutory method of applying to the court to instruct the jury to disregard the alleged faulty count was not pursued.

5. INSTRUCTIONS—*when spirit of particular instruction improper.* An instruction is properly refused which is calculated to raise

doubts in the minds of the jurors and foster a spirit of disagreement.

6. INSTRUCTIONS—*need not contain repetitions.* It is not error to refuse an instruction containing a correct proposition of law where the substance of the refused instruction is contained in other instructions given.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

WM. J. HYNES, JOHN E. KEHOE and C. LEROY BROWN, for appellant.

McGOORTY, POLLOCK and LOEB, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court in favor of appellee for $5,000 assessed as damages by a jury for personal injuries suffered by appellee through the claimed negligence of appellant.

Appellee, a passenger upon a car of appellant, suffered the loss of her left leg above the ankle by having that limb run over by the car upon which she was a passenger, while in the act of alighting therefrom.

The declaration consists of two counts, the first of which charges in substance that the car was so improperly, negligently and carelessly operated and managed that while it was being moved in a westerly direction it ran upon, against and over appellee, who was then and there upon Sixty-eighth street, in the exercise of due care and diligence for her own safety. The second count sets forth the occurrence with more amplification as to detail than the first count, and with some variation. After averring the ownership and operation of the car and the road, it avers that on October 24, 1904, appellee was a passenger on a car going east on Sixty-eighth street; that it proceeded in an easterly direction to a point near to a

certain public highway known as Cottage Grove avenue, where it stopped to permit passengers to alight therefrom; that appellee then proceeded, with due care, to alight; then the duty of appellant is alleged, and the breach of duty charged is that while appellee was endeavoring so to alight from the car the servants of appellant in charge of its operation negligently caused the same to be suddenly started; that in consequence of such negligent act, appellee was thrown from the car with great violence to and upon the ground, rails and divers other objects upon the ground, and the car then and there ran upon, against and over appellee, injuring her and making it necessary to amputate her leg. To this declaration appellant interposed a plea of not guilty.

Appellant assigns errors, and urges in argument as reasons for reversing the judgment of the trial court: (1st) On all the evidence it is impossible to believe that appellee was injured by any other cause than by reason of her alighting from the front platform of the east-bound car before it came to a stop; (2nd) a variance between the allegations and the proofs; (3rd) erroneous rulings on the admission of evidence; and (4th) error in refusing instructions requested by appellant.

The place of the accident in question is the eastern terminus for appellant's cars running east and west on Sixty-eighth street. Passengers going north or south from this point are transferred to the cars of appellant which run in those directions on Cottage Grove avenue, to the east of which terminal point that thoroughfare is situate.

The theories of the contending parties as to how the accident happened are out of harmony and diametrically opposed to each other. At the eastern terminus of the Sixty-eighth street line the east-bound cars, after reaching the terminal point and discharging passengers, proceed to the north or west-bound track by means of a switch installed at that place for

such purpose, in order to make the return journey to the west. Appellee's version of the accident is that the car came to a standing position, after which she went to the rear or west end platform of the car, and while it remained motionless proceeded to get onto the car step on the south side for the purpose of alighting upon the ground; that while, with due care, she was so endeavoring to leave the car, without warning to her, the car gave a sudden start toward the west, throwing her off of the car onto the ground and in some way drawing her under the forward wheels of the car, which ran over her left limb, severing it above the ankle. Appellant's theory, unsupported by any eye-witness of the occurrence, but grounded upon physical conditions and environment, is that appellee attempted to get off the car while it was in motion and before it arrived at its eastern destination from the south side of the front or east end of the car, and in so doing lost her footing, fell to the ground, and her left leg was run over by the car while it was still proceeding eastward.

Counsel for appellant argue at great length and with much earnestness and apparent sincerity that these claimed physical conditions demonstrate that their theory is the only feasible one to be gathered from the proofs. They also say that at the time of the accident appellee was the only passenger on the car, while on the contrary she maintains there were two other passengers. Neither of these two passengers were called as witnesses. Much stress is also laid upon some claimed inconsistencies and contradictions appearing in appellee's evidence. The testimony, while clearly conflicting, is not necessarily irreconcilably so. The burden of harmonizing the conflicting evidence was for the jury, and unless we are able to say that the verdict of the jury is clearly against the weight and the preponderance of the evidence, we are not permitted to disturb it by interposing our judgment against that of the jury.

It was for the jury to determine whether the car was going east or west at the time of the accident, whether appellee was endeavoring to alight from the front or rear platform of the car, whether she was attempting to alight while the car was motionless or while it was in motion, whether appellee's injuries were suffered by a sudden and unheralded starting of the car, resulting from the negligent act of appellant's servants in charge of the car, or whether they resulted from the recklessness and want of care of appellee in attempting to leave the car while it was in motion.

It was also the duty of the jury to determine the credence to be accorded the evidence of the several witnesses. They may not have attached, as we do not, any significance to the claimed inconsistencies in appellee's evidence. That the mind and memory of appellee may have been somewhat confused at the sudden danger in which she was so unexpectedly placed and by the terrible affliction which in a moment overtook her, is not a matter of marvel. Could she be expected to watch for and remember every movement of the car, the people around it and her own situation in that awful moment when she lost her limb by the car passing over it? Surely not. It is evident the jury took this view, in which we can see no cause, legal, rational or humane, to disagree. But the crucial and controlling facts that the car suddenly and without warning started from a standing position while appellee was on the south side of the west end of it, while she was attempting to leave it, throwing her to the ground and injuring her in the manner which is not disputed, were necessarily so forcibly impressed upon her memory that she could testify convincingly in relation to them. The proof of appellee in this record, if believed by the jury, is amply sufficient to support the verdict. Notwithstanding the criticism indulged by appellant of appellee's witnesses—Head, the clergyman, and Walker, the upholsterer—the jury might, as they evidently seem to have done, judging

by their verdict, have put more faith in the truth-fulness and disinterestedness of their evidence than they were willing to accord to the servants of appel-lant who testified.

Appellant also contends that there is a variance be-tween the averments of the declaration and the proof given in support of them. Whatever may be said on this objection as to the first count, a careful weigh-ing of the proof of appellee amply demonstrates its sufficiency to support the averments of the second count. It is not at all essential that both counts should be sustained by the proofs. If there is one good count, to which the evidence is applicable and of sufficient preponderating weight to support the action under such count, the requirements of the law are sufficiently met, regardless of the fact whether or not there is proof sustaining the other counts of the declaration. The trial court did not violate this legal principle by refusing to instruct a verdict for appellant on the ground of variance. Chicago & Great Western Ry. Co. v. Mohan, 88 Ill. App. 151, affirmed 187 Ill. 281; Swift v. Rutkowski, 82 Ill. App. 113, affirmed 182 Ill. 18; E. E. Co. v. Wieland, 179 Ill. 610.

A motion to so instruct the jury to find a verdict for the defendant at the close of defendant's proof comes too late. "The question of variance may be waived, and is waived unless it is raised in apt time, and we are of the opinion the objection was made too late," say the Supreme Court in City of Chicago v. Bork, 227 Ill. 60. The court further say in case *supra*: "While in Alford v. Dannenberg, 177 Ill. 331, it was said that advantage may be taken of a variance by a motion to exclude the evidence, there is nothing said in that case which would authorize a defendant to lie by in the trial of the case, after he has noticed that there is a variance between the proof and the declara-tion, until the proofs are all in, and then raise the question of variance for the first time." A motion to instruct a verdict for the defendant on the ground

of variance is tantamount to a motion to strike out the plaintiff's evidence for the same reason. It comes too late when made at the close of all the proof. The motion by appellant to instruct a verdict in its favor at the close of appellee's proof stated no grounds for such motion. The motion to instruct a verdict on the alleged ground of variance came too late at the close of all the proofs. Coming too late, the objection of variance, which, if made in apt time, might have been effective, is waived. Whether or not there is a variance becomes immaterial in light of the waiver. The infirmity, if such exists, is cured by the verdict. In Lake Shore & M. S. Ry. Co. v. Ward, 135 Ill. 511, the defendant asked the court to instruct the jury to find a verdict for the defendant, and alleged as one ground of its motion a variance between the proof and the declaration. The court said: "This was the only attempt to point out a variance, and it was clearly insufficient."

The refusal of the court to instruct the jury that there could be no recovery under the first count, was harmless error, if error at all. However, the instruction here proffered was to find a verdict for appellant. Section 51, chapter 110, R. S., provides that "if one or more of the counts in a declaration be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts." This method appellant did not adopt, and, as held in Anderson v. Semple, 7 Ill. 455, if a party does not avail himself of his right to have the jury instructed to disregard faulty counts, it is his own fault.

We are unable to find any rulings of the trial court in the admission of evidence so erroneous as to call for a reversal of the judgment. The merits of the case on the whole record are certainly with appellee. The objections made are trivial and highly technical, and in no way relate to any testimony in the slightest degree affecting the merits or operating to curtail any of the defenses sought to be introduced by appellant.

Appellant complains in argument of the refusal of

the trial court to give instructions 16 and 18 tendered by appellant. As to the refusal to give other instructions on which error is assigned and not argued, error is waived.

Instruction 16 was calculated to raise doubts in the minds of the jurors and foster a spirit of disagreement. This instruction was, in form, disapproved in City of Evanston v. Richards, 224 Ill. 444. The refusal to give this instruction was not error.

The court properly refused to give the eighteenth instruction, as the jury were sufficiently informed by other instructions given at the instance of appellant in relation to the degree of care or diligence which the law required of appellee to entitle her to prevail. The doctrine of contributory negligence in that instruction referred to, was in effect but a repetition of the import of other instructions given at the request of appellant.

The jury by their verdict found appellant guilty of the negligence charged in the declaration, which resulted in severe injury to appellee and also in like manner found her free from any want of care for her own safety which in any manner contributed to cause such injuries. The trial court, in overruling a motion for a new trial, has evidenced its concurrence in the jury's findings on these matters. The record fails to disclose anything which to our minds would justify us in arriving at a different conclusion. The trial was fairly conducted, the evidence is without any legal infirmity, the jury were correctly instructed upon the law applicable to the facts of the case. The rights of appellant were duly safeguarded in every material matter. The judgment is reasonable for the dismemberment sustained by appellee as a consequence of the negligence of which appellant stands convicted, to the amount of which no complaint is made. Justice seems to have been done in accord with legal precedent and practice.

The verdict and judgment merits our approval, and the judgment of the Superior Court is therefore affirmed.

*Affirmed.*