Elizabeth E. Zeigler, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,890.

1. VERDICTS—*when inconsistency in testimony of witness will not reverse.* The fact that the evidence of a party is not consistent in all its particulars will not work a reversal unless those parts of the testimony challenged as inconsistent relate to the facts upon which the right to recover rests.

2. REMARKS OF COUNSEL—*when will not reverse.* Remarks of

counsel will not reverse unless it appears that prejudice has resulted therefrom.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

GEORGE W. MILLER, for appellant; JOHN R. HARRINGTON, of counsel.

W. S. JOHNSON and H. M. PIERCE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $1,200 rendered on the verdict of a jury in an action on the case for personal injuries. Plaintiff charges in her declaration, which charges she sustained by her own evidence, that on the 23rd day of November, 1904, while in the act of boarding a car of defendant at the intersection of Halsted and 29th streets, Chicago, from the northeast corner thereof, she was injured by the sudden starting of the car while she had one foot upon the rear step; that the car was started by the motorman, who responded to the conductor's signal before she was able to place both of her feet on the car step; that the car started with great force, causing her to lose her hold upon an iron stanchion which she had grasped in attempting to board the car, and to fall backward with great force and violence upon her back; that at the time she had with her her four year old daughter, whom she had placed upon the platform before reaching with her foot for the car step, retaining hold of one of the little girl's hands, so that when she started to fall she dragged her child with her, who fell upon plaintiff's abdomen. Plaintiff claims to have been three months pregnant at the time of the accident, and as a result of such accident she suffered a miscarriage, which brought in its train other sexual difficulties common in such cases. Notwithstanding

this suit was commenced within three weeks of the happening of the accident, the defendant claims to have neither record nor knowledge of it, and consequently to be without proof of its occurrence. So that the liability of defendant, if any there be, rests upon the testimony of plaintiff as to whether the accident in fact happened or not.

Defendant predicates a reversal of the judgment upon the hypothesis that there is no reliable evidence in the record to sustain the judgment; or, in other words, that plaintiff's testimony is unbelievable, and that the court erred in not sustaining objections of defendant's counsel to certain remarks used in the closing argument by plaintiff's counsel. While the evidence of plaintiff is not in the highest degree satisfactory as a whole as it might be, and is tainted with some contradictions and confessed deceits, yet on the main, crucial question as to the occurrence of the accident and the injury suffered as a consequence of the accident, the testimony of the plaintiff is not only uncontradicted but in some material particulars corroborated. It is a fact that she was pregnant, however peculiar and unusual her conduct may have been at the time of her miscarriage. Her medical man who attended her confirms the fact of her having suffered a miscarriage following the time she claims the accident happened. That subsequently she had one of her ovaries surgically removed is likewise corroborated by the hospital history of that operation. The testimony of Peters and his wife can only be harmonized with that of plaintiff on the theory that they are mistaken as to the time and place plaintiff told them the accident occurred. They may be very honest and well intentioned people and yet be mistaken in this matter. The jury were possessed of advantages, denied to us, in judging of the credibility of these witnesses and the weight to be given their testimony. They saw the witnesses upon the witness stand and observed their manner of testifying, their apparent fairness or lack of it,

whichever was made to appear. They noted the comparative intelligence of the witnesses and which of them were more capable of correctly remembering the occurrences about which they gave testimony after the passing of several years between the time of happening and testifying. From all these conditions confronting the jury, but inaccessible to this court, they were better able to judge of the weight to be accorded the testimony of the several witnesses. The credibility of the witnesses and the weight to be accorded their testimony rest primarily with the jury, and if the testimony of the prevailing party is sufficient, uncontroverted, to sustain a verdict, and we are unable to say such verdict is contrary to the manifest weight of such testimony, or that all the evidence considered, the testimony of plaintiff is so improbable as to convince the mind of an ordinary person that the events testified about did not happen, then the law does not permit of our disturbing such verdict except for other reasons, if any appear in the record. The fact that evidence of a witness is not consistent in all its parts will not warrant a reversal, unless those parts of the testimony challenged as inconsistent relate to the facts upon which the right to recover rests. The suppression of the fact that plaintiff suffered a miscarriage, when she was subsequently interrogated in relation thereto, in no way affects the fact of the miscarriage of the plaintiff or the manner of the happening of the accident, or that it in fact happened as related. As said in Chicago City Railway Company v. Phillips, 138 Ill. App. 438, "The proof of appellee in this record if believed by the jury is amply sufficient to support the verdict."

We do not think the remarks of plaintiff's counsel in the closing argument are subject to the criticism made. The jury certainly were not misled thereby or their attention diverted from the grounds upon which a recovery was sought as outlined by the averments of the declaration and the testimony of plaintiff in support

thereof. If any doubt of this at any time existed, it certainly was dispelled by the ruling of the presiding judge in disposing of the objection, when he said: "The negligence charged is the sudden starting of the car, and that is the only negligence that can be recovered on." What was said about the car being one which might have been out of repair was said in illustration of the kind of car which plaintiff attempted to board and was in response to some question which arose during the trial about the kind of cars which traversed the rails of defendant at the time and place of the accident, as the car had not been fully identified. Exactitude of such identification was unnecessary to a recovery. Neither was there any contention that the car involved in the accident was out of repair.

The judgment of the Circuit Court is affirmed.

*Affirmed.*