## CHARLES D. F. SMITH

*v.*

## ALBERT M. BILLINGS.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. APPEALS AND ERRORS—*when Supreme Court cannot consider alleged error.* An alleged error that the trial court, in a case at law tried without a jury, failed to apply to the facts a proposition of law which it had held as correct, cannot be considered by the Supreme Court, where the Appellate Court has affirmed the judgment below and no question of law is presented by the record.

2. SAME—*whether facts are controverted does not depend on evidence.* Controverted questions of fact, within the meaning of section 89 of the Practice act, as amended in 1877, (Laws of 1877, p. 153,) arise from the pleadings, and not from the evidence.

3. PRACTICE—*how to preserve question of sufficiency of evidence in cases tried without a jury.* In a case at law tried without a jury, to preserve for review by the Supreme Court the question of the sufficiency of the evidence to sustain a verdict for the defendant, the plaintiff should raise the question in the trial court by demurrer to the evidence, proposition of law or motion to find for the plaintiff.

*Smith v. Billings,* 68 Ill. App. 603, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

W. P. BLACK, for appellant.

WINSTON & MEAGHER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant sued appellee in the circuit court of Cook county in an action of assumpsit. His declaration contained the common counts, with which he filed a bill of particulars for legal services rendered the defendant at his request, and a balance due for certain shares of capital stock of the Home National Bank of Chicago. The plea was the general issue, with a stipulation that all defenses might be introduced thereunder. On a trial by

the court, a jury being waived, judgment was rendered for the defendant, which has been affirmed by the Appellate Court.

Counsel for appellant admits that the trial court ruled correctly on the written propositions submitted to be held as the law in the decision of the case, and it is not claimed that errors of law were otherwise committed below.    It is therefore clear that no question can properly be raised for decision in this court.  Starr & Curtis' Stat. (2d ed.) chap. 110, sec. 89, p. 3136.

One of the propositions held on the trial at the request of plaintiff's attorney is as follows:

3. "That where professional services are rendered by an attorney to a party, the law implies an agreement to pay for such services what the evidence may show such services to be reasonably worth, based on the usual and customary charges of attorneys of like credit and standing with the complainant for similar services in the place where such services were rendered; and if the party to whom the services are rendered sets up in defense that by virtue of some arrangement or agreement between himself and the attorney the attorney is not entitled to claim any compensation for such services, the burden of proving such arrangement or understanding, and of proving that the same is a valid, legal and enforcible understanding or agreement, rests upon the party setting up the same, and he must establish such defense in such case by a preponderance of the evidence."

Based on language used by counsel for appellee in their argument, it is now claimed that the only defense to the action for services rendered is, that although the alleged services were performed, yet under an agreement and understanding between the parties the plaintiff is not entitled to recover compensation therefor as against the defendant.    In other words, counsel says:  "The defense did not rest upon the claim that no services had been rendered, but, as we have seen, payment was re-

sisted on the ground that the services had been paid for by the Home National Bank and the People's Gas Company, at Billings' instance." On this assumption it is contended that, notwithstanding the trial court properly held the foregoing proposition of law, it wholly ignored it in the decision of the case, *"and did not apply it to the conceded facts in the case."* If it be admitted that this is true, the question still remains, under what assignment of error of law can this court interfere? Manifestly, the only manner in which we could determine whether or not the defendant failed to prove the defense, or whether, under the conceded facts, it was not established, would be by reviewing the evidence, which, under the law, we are not allowed to do. "The ultimate propositions to be proved, the evidence submitted in support of them, the finding of the trial court on those propositions, and the judgment of the Appellate Court on such finding, are matters which this court is not permitted to review, when no exception has been taken or question of law has otherwise been presented upon the record." (*Bridge Co.* v. *Comrs. of Highways*, 101 Ill. 518.) In order to work out the defense as stated by counsel, the defendant was called upon to prove that the services had been paid for; but whether he did so or not was a question of fact, first for the trial court and finally for the Appellate Court.

If, as seems to be contended, the evidence, with all its reasonable intendments and influences, wholly failed to establish the defense, and plaintiff desired to preserve that question as one of law subject to review in this court, he should have raised it in the trial court by a demurrer to the evidence, a proposition to be held or a motion to find for the plaintiff. Moreover, counsel seems to labor under the misapprehension that whether the facts of a case are controverted depends upon whether there is a conflict in the testimony. Controversies of fact, within the meaning of the statute, arise from the pleadings, and not from the testimony. (*Exchange Nat. Bank* v. *Chicago*

*Nat. Bank,* 131 Ill. 547, and cases cited.) In this case the plea of the general issue, with the stipulation of parties, raised all legal defenses to the action, and, within the meaning of section 89, *supra,* whether the services claimed for had been rendered was a controverted question of fact, as well as whether, if rendered, they had been paid for.

Clearly, there are no reversible errors of law raised on this record, and the judgment of the Appellate Court is affirmed.