Cincinnati, Indianapolis and Western Railway Co.
*v.*
The People *ex rel.* Edward R. Moffett, County Collector.

*Opinion filed December 16, 1903.*

1. Appeals and Errors—*when question of appellant's interest can not be raised.* The question of appellant's interest in land against which a judgment of sale for taxes is entered cannot be raised on appeal, where there is nothing in the record to show to whom the land was assessed and where the trial was had upon appellant's objections, no question being raised as to his right to make them.

2. Same—*regularity of appeal must be questioned by motion to dismiss.* The question whether an appeal was regularly taken must be pre-sented by motion to dismiss, and cannot be raised after the case is submitted to the reviewing court for decision upon errors assigned.

3. Same—*effect where no exception was taken to final judgment.* If the bill of exceptions, on appeal from a judgment of sale for taxes, shows no exception to the final judgment and no propositions of law submitted, the questions whether the evidence supports the judgment or proper rules of law were applied cannot be reviewed.

4. Same—*exceptions to rulings on evidence may be reviewed although no exception is taken to final judgment.* Assignments of error, based upon exceptions taken to rulings on evidence in a proceeding for judg-

ment of sale for taxes, may be considered on appeal, although no exception was taken to the final judgment.

5. Taxes—*judgment of sale is a several judgment for each kind of tax.* Under the statute a judgment of sale for taxes is a several judgment for each kind of tax or special assessment included therein.

6. Same—*town record is the only evidence of acts of voters at town meeting.* The town record is the only competent evidence of the acts of voters at the town meeting and of what was done at such meeting.

7. Same—*when additional road and bridge tax must be authorized by voters.* Under section 119 of the Road and Bridge act, (Laws of 1883, p. 163,) the highway commissioners, in towns under the labor system, cannot levy a tax for roads and bridges exceeding forty cents upon the one hundred dollars, unless the legal voters present at the town meeting shall, upon notice given as required, authorize an additional levy.

Appeal from the County Court of Macon county; the Hon. O. W. Smith, Judge, presiding.

George W. Fisher, for appellant.

W. E. Redman, State's Attorney, and E. S. McDonald, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The county court of Macon county overruled objections to the application of the county collector of said county for judgment against appellant's property for certain taxes of Decatur and Long Creek townships, in said county, and entered judgment and an order for the sale of said property to satisfy said taxes.

The only answer of counsel for appellee to the argument in support of the errors assigned is, that such errors cannot be reviewed for three reasons: First, because only parties interested in lands against which judgment is asked for delinquent taxes may file objections thereto, and no proof was made in this case that appellant was interested in the property on which the taxes had been levied; second, that the bill of exceptions does not show that appellant deposited with the county collector a

sum of money equal to the judgment and costs before its appeal was allowed, and therefore the appeal was not properly taken; and third, because the bill of exceptions does not show any exception taken by appellant to the judgment of the court.

The first of said propositions is raised for the first time in this court. The record shows that appellant filed objections in writing to the taxes; that there was no motion to strike the objections from the files, and no question was raised in any way as to the right of appellant to object, but the cause was heard on the merits on such objections, and an appeal from the judgment was allowed by the court and was duly perfected. On the hearing it was agreed by the parties that a *prima facie* case was made for the collector, and there is no copy of the assessment or delinquent list in the record showing to whom the property was assessed. For aught that appears the lands were taxed in the name of the appellant, and in that respect the case is different from that of *People ex rel.* v. *Quick,* 87 Ill. 435, where the record showed that they were not taxed to the party objecting. The question cannot be raised for the first time on appeal in this court.

As to the second proposition, the record shows that appellant deposited the sum of $510.18 with the county collector, in compliance with the statute, for the purposes of the appeal. But if that were not so, the objection comes too late. No motion was made to dismiss the appeal, but appellee joined in error and briefs were filed by both parties, and the case was submitted for decision on the errors assigned. The question whether the appeal was regularly taken does not arise on such submission, and it could only be presented by a motion to dismiss the appeal. *Wabash Railroad Co.* v. *People,* 196 Ill. 606.

The third proposition applies to some of the errors assigned, but not to all. The bill of exceptions contains no exception to the final judgment of the court, and

there were no propositions of law submitted, so that we cannot review the question whether the judgment is supported by the evidence or whether proper rules of law were applied by the court. The practice is the same as in other cases tried by the court, and a party may except to a decision of the court in receiving improper or rejecting proper testimony, or may except to the final judgment of the court upon the law and evidence, and may assign for error in this court any ruling or decision so excepted to. (*Bailey* v. *Smith*, 168 Ill. 84.) While there is no exception to the final judgment, the bill of exceptions shows that the appellant excepted to the ruling of the court in admitting the testimony of witnesses as to what occurred at the annual town meeting in the township of Long Creek with respect to the road and bridge tax. The evidence was admitted over the objection of appellant, and the ruling of the court was excepted to and was properly preserved for review. If the decision of the court in admitting such evidence was erroneous, it was material and prejudicial error as to the road and bridge tax.

The statute provides that the judgment, in a case of this kind, shall be considered as a several judgment for each kind of tax or special assessment included therein. (Hurd's Stat. 1899, p. 1426.) As to the town tax of Decatur township, the town tax of Long Creek township and the district road tax there is no error assigned or argued which we are authorized to consider on the record presented here. All the evidence offered by appellant respecting those taxes was admitted without objection, and there was neither objection of appellant nor ruling by the court in the course of the hearing. No proposition of law respecting those taxes was submitted, and the only complaint is, that the final judgment of the court upon the law and the evidence was wrong. There was no exception to that judgment, and as to those taxes it must be affirmed.

The township of Long Creek is under the labor system, and the error assigned relating to the admission of testimony affects $281.16 of the road and bridge tax of said township. The commissioners of highways met September 2, 1902, and the record of their meeting is as follows:

"LONG CREEK, *Sept. 2, 1902, 78.*

"The Com. met at the town hall on the above date and made their levy, being sixty cents on the one hundred dollars ($100) of assessed value, which was granted by the town board.

R. F. McDONALD,<br>WM. SHEETS,<br>C. C. COCHRAN,

W. J. HAYES, *Town Clerk."*        *Commissioners of Highways.*

That is the only record of any meeting for the levy of the road and bridge tax. The commissioners then made their certificate, which was presented to the board of supervisors at their meeting in September, 1902, as follows:

"BOARD OF COMRS. OF HIGHWAYS,  ⎰
*Town of Long Creek, County of Macon, Ill.* ⎱

"We do hereby certify that we require the sum of....... dollars to be raised by a tax on the real, personal and railroad property in the above town, for the making and repairing of bridges, the payment of damages by reason of opening, altering and laying out new roads and ditches, the purchase of the necessary material for building and draining roads and bridges, the pay of overseers of highways for the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer. Said amount being a levy of sixty cents on each one hundred dollars valuation according to the assessment of said town for the current year.

"Given under our hands this second day of September, 1902.

WM. SHEETS,<br>C. C. COCHRAN,<br>R. F. McDONALD,<br>*Commissioners of Highways.*

Filed September 9, 1902.—J. M. DODD, *County Clerk."*

This certificate was made under the provisions of section 119 of the act in regard to roads and bridges in counties under township organization. (Hurd's Stat. 1899, p. 1487). That statute requires the commissioners of highways to ascertain how much money must be raised

for the several purposes in said section specified, and authorizes them to levy a tax to raise the same, not exceeding forty cents on the one hundred dollars of the assessment. That is the limit, unless the legal voters present at the town meeting shall, upon notice given as therein required, authorize an additional amount to be raised by a tax not exceeding forty cents on each one hundred dollars valuation. The statement in the record of the commissioners that the levy was granted by the town board had no effect, for the reason that the town board had no authority to grant or authorize any levy. The record of the annual town meeting was in evidence, showing the proceedings at such meeting, and did not show any authority from the legal voters present at such meeting for any levy above the forty cents fixed by the statute. The record did not show any notice that such a proposition would be voted on, as required by the statute. The court, against the objection of the appellant, allowed two witnesses to testify that there was a vote taken by the electors at the annual town meeting authorizing the levy of a greater tax than forty cents on the one hundred dollars, and in this ruling the court erred. The statute requires the town clerk to record in the book of records of the town the minutes of the proceedings of every town meeting held therein, and every order or direction, and all by-laws, rules and regulations made by any town meeting. (Hurd's Stat. 1899, chap. 139, art. 12, sec. 2.) The town record was the only competent evidence of the acts of the voters at the town meeting, and what was done at such meeting could only be proved by such record. (*Fagan* v. *Rosier*, 68 Ill. 84; *People ex rel.* v. *Madison County*, 125 id. 334; *Chaplin* v. *Commissioners of Highways*, 129 id. 651.) The legitimate evidence showed that the commissioners had no authority to levy a tax of more than forty cents on one hundred dollars valuation.

The judgment is affirmed as to the town tax of Decatur township, the town tax of Long Creek township and

the district road tax of said Long Creek township, and it is reversed as to the road and bridge tax of said Long Creek township, and the cause is remanded to the county court. The parties will pay their own costs in this court.

*Affirmed in part and remanded.*