THE GRAND PACIFIC HOTEL COMPANY

*v.*

WILLIAM A. PINKERTON *et al.*

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*when propositions of law are required.*
In order to present for review a question of law arising in the trial
of a suit at law before the court without a jury, propositions of law
should be submitted to the court as provided for in section 42 of the
Practice act.

2. SAME—*when exception to final judgment is necessary.* In
order to present for review a ruling upon the admission or exclusion
of evidence preserved by a bill of exceptions it is not necessary to
except to the final judgment of the court; but such an exception is
necessary in a suit tried by the court without a jury, in order to
present the questions whether the evidence supports the judgment
and whether proper rules of law were applied.

3. SAME—*recitals in record cannot be substituted for bill of ex-
ceptions.* The facts that a motion was made for new trial, that an
exception was taken to the overruling of such motion and that a
further exception was taken to the final judgment in a suit at law
tried before the court without a jury are all matters which must be
preserved for review by bill of exceptions, and a mere recital of the
same by the clerk in the record is not sufficient.

4. SAME—*when alleged error in entering judgment against one
joint defendant will not reverse.* Error in entering a judgment
against one joint defendant only, without a formal dismissal of the
suit as to the other joint defendant, is not a ground for reversal,
where the bill of exceptions shows that the plaintiff's counsel stated
in court that the suit was dismissed as to such other defendant, and
that thereafter the suit was tried by both parties upon the theory
it was solely against the defendant held liable by the final judgment.

5. SAME—*when admission of incompetent evidence will not re-
verse.* Admitting incompetent evidence in a suit at law tried by
the court without a jury will not work reversal if there is enough
other competent evidence to sustain the finding of the court.

6. PRINCIPAL AND AGENT—*what tends to show authority of per-
son to make contract.* Apparent authority to make a contract for
services connected with a hotel is shown by proof that the party so
contracting had recently been manager of the hotel and was then
employed as assistant manager although with no apparent restric-
tion of power, and that at the time the contract was made he was
in the private office of the hotel, giving orders to the clerks, draw-

ing checks and transacting other business as one having authority to represent the hotel.

7. PROPOSITIONS OF LAW—*must not embrace questions of fact.* Section 42 of the Practice act, authorizing the submission of propositions of law to be held or refused in cases at law tried by the court without a jury, does not contemplate the submission of propositions of fact.

8. ARREST OF JUDGMENT—*motion in arrest of judgment must be based on matters shown in the record.* A motion in arrest of judgment is properly overruled which is based upon matters *dehors* the record, and not upon anything appearing on the face of the record itself.

9. WAIVER—*when right to except to an order re-instating cause is waived.* A defendant who, after an order dismissing the case is set aside and the case is re-instated, appears and takes part in all the subsequent proceedings of the court to final judgment on the merits, waives his right to except to the order of the court re-instating the case.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This is an action in assumpsit, brought on May 24, 1899, by William A. Pinkerton and Robert A. Pinkerton, partners, doing business as Pinkerton National Detective Agency, against the Grand Pacific Hotel Company, and Albert E. Glennie, to recover for services performed by the plaintiffs as detectives. The declaration consisted of the common counts only. A plea of non-assumpsit was filed by the Grand Pacific Hotel Company on July 5, 1899, with an affidavit of merits by H. F. Rohde, secretary of the Grand Pacific Hotel Company; and a plea of non-assumpsit was filed on the same day by Albert E. Glennie, together with an affidavit of merits, made by said Glennie.

A jury was waived and the cause was tried by agreement before one of the judges of the Superior Court of Cook county without a jury. Final judgment was rendered by the Superior Court of Cook county in favor of the appellees, plaintiffs below, and against the appellant company, for the

sum of $1109.70 as damages, together with the costs and charges. An appeal was taken to the Appellate Court, and the Appellate Court has affirmed the judgment of the Superior Court, from which judgment of affirmance the present appeal is prosecuted.

It seems that articles in the Grand Pacific Hotel were discovered to be missing from time to time, and it was suspected by some of the parties in the hotel, or in charge of the hotel, that thieves were at work in the hotel. Accordingly, the services of the appellees were solicited for the purpose of discovering, if possible, what parties were guilty of the suspected thefts. A contract or arrangement was made by a representative of the appellees at the Grand Pacific Hotel with Glennie on January 31, 1899, for the doing of the work in question by the appellees. The services were performed by the appellees, under the arrangement so made, between January and April, 1899.

The cause was reached for trial on the calendar of Judge Kavanagh, one of the judges of the Superior Court, on May 21, 1901, and, a jury having been waived by agreement, the cause was submitted to the court, evidence was heard, arguments were made, and the cause was taken under advisement. While the case was thus held under advisement by Judge Kavanagh, and before its decision, it was by some accident placed upon the calendar of Judge Stein, another one of the judges of the Superior Court of Cook county, and having been called for trial by him on October 4, 1902, was dismissed at plaintiffs' costs for want of prosecution, and judgment entered in favor of the defendants for costs. On November 29, 1902, after the appellees discovered that the cause had been dismissed, they made a motion to amend the record, and set aside and vacate the order of dismissal and judgment for costs, which had been entered on October 4, 1902; and this motion was continued until the December term, 1902, of said court. It appears that no entry was made by the clerk, showing that the cause was submitted by agreement to

the court for trial, and that it was taken under advisement by the court. The object of amending the record was to show the facts in this regard. Accordingly, on December 11, 1902, upon the motion of appellees, the record was amended to show the proceedings before Judge Kavanagh on May 21, 1901, as above stated, and thereupon appellees entered their motion to set aside and vacate the order of dismissal and judgment for costs, entered on October 4, 1902, which motion was continued to the January term, 1903, of said court.

The order of December 11, 1902, amending the record, recites that, on December 10, 1902, the cause came on to be heard upon motion, all parties being present and duly notified, and it was moved that the record be amended, so as to show the amended record of the proceedings theretofore had "which were omitted from said record through error and misprisal;" and that there were exhibited to the court certain memoranda, and notes of testimony, taken in shorthand and afterwards transcribed; and that it appeared to the court that on May 21, 1901, said cause was reached for trial before Judge Kavanagh, a jury waived, and cause submitted by agreement to the court, and evidence heard and arguments made, and the cause taken under advisement; and that, thereafter, at the same term briefs and authorities were submitted to the court and a certain written account of the evidence in the case; that the transcribed shorthand notes of the evidence, being the *verbatim* testimony of each witness, and the memoranda, submitted by the respective parties to the judge for his consideration, were used by him in the consideration of the case, and that the court inspected said evidence and the proofs so submitted; and, thereupon, it was ordered and adjudged in said order, so entered on December 11, 1902, that the record was thereby amended and corrected to show the corrected proceedings above set forth, and that said motion be sustained, and that the said order, amending the proceedings, be entered as of May 21, 1901, so as to show that a jury was waived by the express agreement

of the parties and that the cause was fully tried and sub-
mitted as in said memoranda and this order described, and
that the other proceedings, as shown by said memoranda, ex-
hibits and shorthand notes of testimony, be spread upon the
records of the court, and be extended as of May 21, 1901.

Subsequently, on June 20, 1903, the following order was
entered: "On motion of plaintiff's attorney it is ordered that
the order of dismissal and judgment for costs, entered herein
of record on the fourth day of October, A. D. 1902, be, and
is hereby set aside and vacated, and said cause re-instated
and re-placed upon the several dockets of this court." On
June 22, 1903, the appellant, the Grand Pacific Hotel Com-
pany, by leave of court, filed a written motion to strike the
testimony of the appellees from the case, and find the issues
for defendant, upon the grounds that appellees had produced
no testimony pertinent or competent to maintain said cause
of action, and that all of the testimony offered by them was
incompetent and immaterial, and did not tend to prove their
cause of action; that the only testimony offered by them con-
sisted of the testimony of alleged agents of appellant, and
that they did not produce any competent evidence to prove
that Albert E. Glennie was the manager, agent or employe
of the hotel company, with authority to make any contract
with appellees on its behalf, and that no evidence was offered
sufficient to sustain any finding against the hotel company.
On July 3, 1903, an order was entered by the court, over-
ruling said motion to strike the testimony of appellees from
the case.

On July 25, 1903, a judgment was entered in favor of
appellees against both defendants, the Grand Pacific Hotel
Company and Albert E. Glennie, for $1109.70, and costs,
reciting that on the agreement of the parties "now here made
in open court this cause is submitted to the court for trial
without a jury, and the court now here after hearing all the
evidence adduced, the arguments of counsel, and being fully
advised in the premises, finds the issues for the plaintiff,"

217—5

etc., to which the defendants excepted and entered their motion for a new trial, which motion was overruled and a new trial was denied; and the judgment also shows upon its face that the defendants entered their exceptions, and prayed an appeal to the Appellate Court, which was allowed upon their filing their appeal bond in the sum of $2000.00 within sixty days from July 25, 1903, and their bill of exceptions within sixty days from said date. On August 1, 1903, the appellant, the Grand Pacific Hotel Company, entered its motion to set aside and vacate the judgment of July 25, 1903, which motion was continued for hearing until the August term, 1903, of said court. On September 22, 1903, it was ordered that the time for filing a bill of exceptions be extended ten days.

On September 26, 1903, a second judgment was entered in favor of appellees against the Grand Pacific Hotel Company for $1109.70 and costs, to which the appellant company excepted and prayed an appeal to the Appellate Court, which was allowed upon its filing an appeal bond in the sum of $2000.00 and its bill of exceptions within ten days from September 26, 1903. The judgment of September 26, 1903, recited as follows: "On the agreement of the parties to this suit now here made in open court, it is ordered that the order of judgment, heretofore entered herein on July 25, A. D. 1903, for the sum of $1109.70, and the appeal order of the same date, be and is hereby set aside and vacated and said cause re-instated, and, on like agreement of the parties hereto, this cause is submitted to the court for trial without a jury to try the issues as to the defendant Grand Pacific Hotel Company only. And the court now here after hearing all the evidence adduced, the arguments of counsel, and being fully advised in the premises, finds the issues for the plaintiffs and assesses the plaintiffs' damages," etc., at the sum above named. The judgment shows upon its face that appellant, the hotel company, entered a motion for a new trial, which was overruled, and new trial denied, and exception taken, and that said hotel company entered its motion in arrest of

judgment, which motion was also overruled and denied, and to which the hotel company, the appellant here, excepted.

On September 30, 1903, the appellant, the Grand Pacific Hotel Company, tendered its bill of exceptions bearing date September 30, 1903, which was signed and sealed by Judge Marcus Kavanagh. This bill of exceptions shows that the cause came on for hearing on May 21, 1901, before said judge "without a jury, a jury being expressly waived;" and, after setting forth the testimony of the witnesses in favor of the plaintiffs and the defendant, the Grand Pacific Hotel Company, also sets forth that on September 26, 1903, the appellant filed a motion to set aside the finding and to arrest the judgment for certain reasons accompanying the motion, which motion, as therein shown, was overruled, and exception was taken thereto. The bill of exceptions also shows that on October 4, 1902, an order was entered by Judge Stein, dismissing the cause for want of prosecution, but does not show that any exception was taken to said order. The bill of exceptions also recites the motion of November 29, 1902, as above set forth, and the order of December 11, 1902, and that said motion and order were objected to, and that the court overruled the objections, and that the defendant excepted thereto. The bill of exceptions also sets up the order of June 20, 1903, as above set forth, and that the defendant objected to the same, and that the court overruled the objection, and that defendant excepted. It also sets forth the motion of the appellant, made on the 22d day of June, 1903, as above set forth, and the overruling of the same, and the exceptions of the hotel company thereto. The bill of exceptions also sets forth that on September 26, 1903, counsel for the hotel company asked the court to certify the following special findings, to-wit, that the hotel company was a corporation for pecuniary profit under the laws of Illinois; that on and prior to May 17, 1898, Frederick Sontag was president of the appellant company; that at a meeting on that day section 5 of article 6 of the by-laws of said corpora-

tion was repealed; that on or before May 17, 1898, Frederick Sontag was president of appellant company, and by virtue of said amendment to the by-laws, became on May 17, 1898, the sole manager of the business and affairs of the hotel company and continued thereafter to be; that after May 17, 1898, Glennie was employed in and about the hotel, but had no authority as such employe under the by-laws to sign checks or make contracts; that appellees were notified in September, 1898, that Glennie had ceased to be manager of the said business; and that neither Sontag, the president, nor any of the officers of the hotel, had any knowledge of the employment by Glennie of the Pinkerton detectives on January 21, 1898, until after the bill for their services was sent to the hotel, and until after Glennie had paid thereon $350.00; and that when said claim was presented to the hotel company, it was repudiated and payment refused. The court refused to make said special findings requested by the defendant, or to make any findings after the trial and after the finding by the court, to which refusal of the court the defendant then and there excepted.

On October 1, 1903, an appeal bond was filed by the hotel company and a surety, dated September 29, 1903, in the sum of $2000.00, reciting the judgment of September 26, 1903, and an appeal therefrom.

On January 25, 1904, more than three months after the appeal bond was filed, a third judgment was entered in the case in favor of the appellees and against the appellant company for $1109.70, and costs as before, which judgment shows upon its face that the hotel company excepted thereto and prayed an appeal to the Appellate Court, which was allowed upon its filing a bond in the sum of $2000.00 and its bill of exceptions within ten days from January 25, 1904. The judgment of the latter date recites that the cause came on to be heard on motion of the hotel company to set aside the order, entered on September 26, 1903, and enter in lieu thereof a corrected and amended order in form and substance

as the same should have been entered on September 26, 1903, and that, the court having examined, inspected and considered the bill of exceptions approved and signed on September 30, 1903, and having heard the arguments of counsel and being fully advised, found that the order, entered by the clerk on September 26, 1903, was incorrect, and was not in fact the order directed by the court to be entered by the clerk on said last named date, and that the court being so informed and advised "from inspection and consideration of said minute of said clerk, and of the said bill of exceptions, orders that the said order entered on said 26th day of September, A. D. 1903, be, and the same is hereby set aside and vacated; and thereupon, and in consideration of the premises, and for the purpose of having a just and correct record of the proceedings and order of this court had on said 26th day of September, A. D. 1903, appear upon the records thereof, the court now directs the clerk to enter in said cause the following order;" and then follows an order or judgment for the sum above named, which recites that by agreement of the parties to the suit then and there made in open court, it was ordered that the order of judgment entered on July 25, 1903, for $1109.70, and the appeal order of the same date, should be set aside and vacated; and that "thereupon the court, upon consideration of the trial and hearing and stipulation theretofore had, found the issues for the plaintiff and against the Grand Pacific Hotel Company, and against the objection of the defendant and its exception thereto, and assessed the plaintiff's damages at $1109.70, to which said defendant, the hotel company, excepted; and thereupon the defendant, the Grand Pacific Hotel Company moved to set aside the finding and for a new trial, which motion was overruled and a new trial denied," to which, as shown by the face of the judgment, the hotel company excepted and entered its motion in arrest of judgment, which was also overruled and denied, and exception thereto taken by the hotel company; and it was also further ordered that the corrected and amended

order, so directed to be entered, should be so entered *nunc pro tunc* as of September 26, 1903, to which, as shown upon the face of the judgment, the appellees excepted, and were given ten days within which to file their bill of exceptions.

And thereupon on January 26, 1904, a bill of exceptions, signed and sealed by Judge Kavanagh, was filed wherein it is recited that on January 25, 1904, the cause came on to be heard upon motion of the hotel company to amend the record, and vacate the judgment order of September 26, 1903, and enter in lieu thereof an order *nunc pro tunc* as of the latter date, and that the appellees in open court appeared and specially objected to the motion of the hotel company on the ground the court was without jurisdiction to entertain the same, which objection was overruled, and the court proceeded to entertain said motion, to which the appellees then and there excepted; and that thereupon the hotel company to sustain the motion presented to the court for inspection the bill of exceptions theretofore signed as above set forth, and a certain page of the minutes of the minute clerk of Judge Kavanagh, dated Saturday, September 26, 1903, to the inspection and consideration of which bill of exceptions and page of the minute book by the court the appellees objected; but the court overruled the objection and inspected the same, to which appellees duly excepted. Said page of the minute book was as follows:

*"Saturday, Sep. 26, 1903.*
199138          8340          Pinkerton          G. P. H. Co.
   by agt ord of July and appl entd July 25, 1903, vac ct to try the iss as to deft G. P. H. Co. only findg iss Plff and das $1109.70 & Ex. by said def. Mo. N. T. Dff Overlf & ex. mo. in arrt of judg overld & ex. & judg $1109.70 on findg & ex appl Bd $2000 & B. of X 10 dys."

Said last named bill of exceptions shows that the foregoing was all the evidence introduced upon said motion of January 25, 1904, and that the appellees objected to the granting of the motion, and to the entry of the order on said last named date, but the court overruled the objection and entered the order *nunc pro tunc* as of September 26, 1903.

FRANCIS A. RIDDLE, for appellant.

JACOB J. KERN, JOHN A. BROWN, and D. W. MUNN, (LLOYD CHARLES WHITMAN, of counsel,) for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, brought originally by the appellees against the appellant, the Grand Pacific Hotel Company, and one Albert E. Glennie, to recover for services rendered by appellees to the appellant. There does not seem to be any difference, or at least any contention between the parties, as to the amount of the judgment. The main contention on the part of the appellant is, that the appellees were employed by Albert E. Glennie, and not by the Grand Pacific Hotel Company, and that the contract or arrangement, made with them on January 31, 1899, was made by Glennie in his own behalf as an individual, and not by the hotel company. The appellees, however, contend that Glennie was the manager of the hotel, and, in making the contract, represented the appellant company, and that the latter is liable to them for the amount of their claim. The question of fact in the case is, whether or not, when the contract was made, Glennie was the manager of the company and made the contract for the company, or whether he made it for himself individually. This question of fact was stoutly contested, and the evidence is conflicting in reference to it. The cause in the court below was tried before the court without a jury, trial by jury having been waived by agreement of parties. The trial court found in favor of appellees upon this question of fact, and rendered judgment against the appellant. The Appellate Court has affirmed the judgment of the trial court. No propositions of law seem to have been submitted to the court by either party. We have held that, where there is a trial before the court without a jury, in order to present a question of law to this court, the parties should present propositions of law to the trial court, as provided for in section 42

of the Practice act, and we have said : "We cannot consider any of the questions of fact because they are all settled by the judgment of the Appellate Court. We cannot consider the questions of law suggested by counsel, because the trial in this case took place before the court without a jury, and no written propositions to be held as law in the decision of the case were submitted to the trial judge in accordance with section 42 of the Practice act." (*Northern Benevolent and Mutual Aid Ass.* v. *Hall,* 118 Ill. 169; *First Nat. Bank of Michigan City* v. *Haskell,* 124 id. 587; *Keating* v. *Springer,* 146 id. 481; *Dwelling House Ins. Co.* v. *Butterly,* 133 id. 534).

*First*—The bill of exceptions in the case at bar contains no exception to the final judgment of the court, and there were no propositions of law submitted, "so that we cannot review the question, whether the judgment is supported by the evidence, or whether proper rules of law were applied by the court." (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538). But while this is so, yet, if the bill of exceptions shows that the appellant excepted to the ruling of the court in admitting the testimony of witnesses, such a ruling is properly preserved for review, when presented by a bill of exceptions. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra*). Here, the representative of appellees, who made the contract with Glennie on January 31, 1899, states that Glennie told him that he was the manager of the hotel. Other witnesses testified that, when they went to the hotel, Glennie told them that he was the manager of the hotel. This testimony was objected to by the appellant, and, the objection being overruled, exception was taken to the ruling of the court. It is true, as a general proposition, that "an agency cannot be proven by the mere statement of the alleged agent." (*Rawson* v. *Curtiss,* 19 Ill. 456; *Maxey* v. *Heckethorn,* 44 id. 437; *Whiteside* v. *Margarel,* 51 id. 507). But we regard it as immaterial in the present case, whether or not this class of testimony

was competent or was properly admitted, for the reason that there was other evidence, tending to show that Glennie had authority to represent the appellant company. We have held that, where a cause is tried before the court without a jury, and there is enough other testimony of unquestioned competency sufficient to sustain the finding of the court, it will not be disturbed, notwithstanding the fact that incompetent evidence has been received, because the same harmful and erroneous effect does not follow as when the admission of such evidence is before a jury. (*Schroeder* v. *Harvey*, 75 Ill. 638; *Pardridge* v. *Ryan*, 134 id. 247; *Palmer* v. *Meriden Britannia Co.* 188 id. 508; *Iroquois Furnace Co.* v. *Elphicke*, 200 id. 411). Here, it appeared from the evidence that Glennie had been manager of the hotel up to a late period in 1898, and, although after May, 1898, the by-laws of the hotel company were so changed as to make the president the manager, yet, after their change, Glennie was still retained in the hotel as a sort of assistant manager under the president. The proof tends to show that prior to January 31, 1899, when the present contract was made, there had been transactions between the appellees, and Glennie as manager of the hotel. When the contract was made, he was in the hotel giving orders, drawing checks, and acting as one having authority to represent the hotel. He sat at the desk in the private office of the hotel. He drew checks, he gave orders to the employes of the hotel, and in every way appeared to one, having business with the hotel company, as being authorized to act for the latter. He called clerks employed in the hotel into its private office, and gave them orders. It appears from the testimony, introduced by the appellant itself, that the president of the hotel company engaged Glennie to render it services at the hotel, and to assist the president in his management, and to exercise superintendence, and that his position continued to the end of 1899. These, and other circumstances which might be mentioned, show that there was other testimony, independently of the

statement of witnesses who heard Glennie say that he was manager, tending to establish the conclusion that he had the authority to contract with the appellees in reference to the matter here in controversy.

It is true, that the hotel company moved the court to strike the testimony of the appellees from the files, ·and to find the issues for the defendant for certain reasons, which bear upon questions of fact only, as is shown in the statement preceding this opinion. Where the appellant submits to the trial court, to be marked as "held" or "refused," a proposi-. tion that the finding should be for the defendant, such submission is in the nature of a demurrer to the evidence, and preserves for the court of review the question of law whether the evidence tends to show a right to recover. (*First Nat. Bank* v. *Northwestern Nat. Bank,* 152 Ill. 296; *Smith* v. *Billings,* 169 id. 294; *Hogan* v. *Stophlet,* 179 id. 150). We are of the opinion that the evidence does tend to show a right to recover on the part of the appellees, and, therefore, there was no error committed by the trial court in overruling the motion to strike the testimony of the appellees from the case and find the issues for the appellant.

It is true, also, that the appellant asked the court to make certain special findings of fact, which are set forth in the statement preceding this opinion, and that the court refused to make such findings. There was no error in this action of the court. We have held that the Practice act, which authorizes, in cases tried without a jury, propositions of law to be submitted to be held or refused, does not provide that propositions of fact may be so submitted; and that such propositions of fact should be refused by the court. (*Field* v. *Crawford,* 146 Ill. 136). In *First Nat. Bank* v. *Northwestern Nat. Bank, supra,* we said (p. 301): "The statute does not contemplate that, under the cloak of written propositions of law, a party litigant shall have the right to call upon the court to find in his or its favor, *seriatim,* all the special or particular facts involved in the evidence; and, *dehors* the

statute, it is not a common law function of a judge, in a common law action, to make special findings of fact." (See, also, *Smith* v. *Billings,* 169 Ill. 294; *Order of Foresters* v. *Schweitzer,* 171 id. 325).

*Second*—The record in the present case shows that no exception was taken to the finding, or judgment, of the trial court, and preserved by a bill of exceptions. It is true that, in entering up the judgment, the clerk puts a recitation in the body of the judgment, that the finding and judgment of the court, and the overruling of a motion for new trial, were excepted to. But such recital, inserted by the clerk in the record immediately following the judgment, to the effect that such exception was taken, cannot be regarded as a part of the record. Where such an exception is taken, it can only be made a part of the record by embodying it in the bill of exceptions, and here it is not embodied in the bill of exceptions. We have held in a number of cases that we cannot consider assignments of error, which question the finding and judgment of the lower court in cases tried without a jury, as authorized by section 60 of the Practice act, unless exceptions thereto have been duly taken and preserved by a bill of exceptions, and that a recital to that effect by the clerk in the record is not sufficient. (*Martin* v. *Foulke,* 114 Ill. 206; *Gould* v. *Howe,* 127 id. 251; *East St. Louis Street Railroad Co.* v. *Cauley,* 148 id. 490; *Firemen's Ins. Co.* v. *Peck,* 126 id. 493; *Bailey* v. *Smith,* 168 id. 84). In the case at bar, the finding and judgment are not mentioned in the bill of exceptions. It follows that there is no question of law or fact before this court for review under appellant's assignment of errors, except so far as is hereinafter stated. Where the bill of exceptions in a case fails to show that any motion was made for new trial, and that an exception was taken to the action of the court in overruling the motion, no reversal of the judgment can be had. It is not sufficient that the transcript of the record, as made up by the clerk, shows that such motion was made and overruled, and that an ex- ·

ception was taken. (*James* v. *Dexter,* 113 Ill. 654; *Sands* v. *Kagey,* 150 id. 109; *Bailey* v. *Smith,* 168 id. 84; *Union Ins. Co.* v. *Crosby,* 172 id. 335).

It is, however, claimed on the part of the appellant that, here, the suit was against two defendants, to-wit, the Grand Pacific Hotel Company and Albert E. Glennie, and that the judgment below was against the Grand Pacific Hotel Company, the present appellant, alone, and that the suit was not dismissed as to Albert E. Glennie; hence it is claimed that the judgment is erroneous, inasmuch as it should have been against both defendants or none, whether the liability was joint, or joint and several. It is undoubtedly the general rule that, where two defendants are sued jointly and served with process, it is error to render final judgment against one of them without disposing of the case as to the other. (*Russell* v. *Hogan,* 1 Scam. 552; *Dow* v. *Rattle,* 12 Ill. 373; *Briggs* v. *Adams,* 31 id. 486; *Barbour* v. *White,* 37 id. 164; *Felsenthal* v. *Durand,* 86 id. 230; *Potter* v. *Gronbeck,* 117 id. 404). In *Felsenthal* v. *Durand, supra,* it was held that "in actions on contracts against several, where all are served with process, the judgment must be against all or none, unless some of the defendants make a personal defense—as, infancy, lunacy, bankruptcy and the like." The judgment in this case is said to be erroneous because, as is claimed by the appellant, there was no dismissal of the suit as to Glennie, and judgment was rendered, without disposing of the suit as to Glennie, against the Grand Pacific Hotel Company alone. It is furthermore contended that the rule, that an exception to the finding and judgment must be preserved by a bill of exceptions, has no application in the present case upon the ground that the defect in the judgment, as above indicated, appears upon the face of the record.

The rule undoubtedly is that, where there are errors of law, which appear on the face of the record, as properly made up by the clerk, it is unnecessary that an exception to the finding and judgment of the court should be preserved

in the bill of exceptions. Where error appears upon the face
of the judgment itself, no exception to the judgment is nec-
essary to be preserved by a bill of exceptions. (*People* v.
*Chicago and Northwestern Railway Co.* 200 Ill. 289; *Mc-
Chesney* v. *City of Chicago,* 151 id. 307; *Jones* v. *Village
of Milford,* 208 id. 621; *Wiggins Ferry Co.* v. *People,* 101
id. 446). The record has been said to consist, in a suit at
law, of the process, sheriff's return, the declaration, pleas,
demurrer, if there is any, and any judgment upon demur-
rer or other judgment, interlocutory or final. (*VanCott* v.
*Sprague,* 5 Ill. App. 99). The claim here is that, according
to the showing of the record, Glennie was served with pro-
cess, as well as the Grand Pacific Hotel Company, and filed a
plea, and that the record, consisting of the process, the plead-
ings and the judgment, shows that the judgment was defect-
ive by reason of having been rendered against the appellant
alone, without a dismissal of the suit as to Glennie.

The law upon this subject, as contended for by the appel-
lant, may be admitted to be correct, but we do not consider
that the showing of the record is such as appellant claims it
to be. It is conceded that, if the suit was actually dismissed
as to Glennie, the judgment was properly rendered against
the appellant alone. Here, the suit could be properly dis-
missed as to Glennie, and retained as to the appellant, be-
cause Glennie was really and in fact an unnecessary party,
under the theory upon which the case was tried in behalf of
the appellees. If Glennie was the manager of the hotel com-
pany, and had authority to make the contract with appellees,
as the representative of the appellant, then the appellant was
liable because of the act of Glennie as its agent; and Glen-
nie was an unnecessary party to the suit. The rule, that, in
order to recover in an action *ex contractu,* a cause of action
must be established against all of the defendants, and that a
dismissal or discontinuance as to one co-defendant effects a
discontinuance as to the entire action, so as to make a judg-
ment against the remaining defendant or defendants errone-

ous, is subject to certain exceptions. One of these exceptions is, that, whenever a defendant gives in evidence matter, which is in bar to the action against himself only, and of which the other defendant cannot take advantage, judgment may be for such defendant, and against the other. The most common illustration of this exception is, where a defense is interposed which is personal to the defendant who makes it, such as infancy, coverture, lunacy, bankruptcy, and the like. Another exception is, where one is joined as a defendant in the action, who is an unnecessary or improper party. (*Mayer* v. *Brensinger,* 180 Ill. 110, and cases there cited).

The question then arises, whether or not the suit was actually dismissed as to Glennie, or whether there was an agreement or understanding between the parties that it should be treated as a suit against the appellant alone. The judgment of September 26, 1903, recites that on "agreement of the parties hereto this cause is submitted to the court for trial without a jury to try the issues as to the defendant Grand Pacific Hotel Company only." If this recital is true, then, by agreement between the parties, the suit was tried as a suit against the appellant alone. It is further claimed, however, on the part of the appellant, that a new judgment was entered on January 25, 1904, modifying and amending the judgment of September 26, 1903. The only substantial difference between the judgment of September 26, 1903, and that of January 25, 1904, is that this recital as to the agreement of the parties is left out in the latter judgment. Both judgments are against the appellant alone, and both judgments are for the same amount. Applying the rule that, where a defect appears on the face of the judgment itself, it may be assigned as error in the reviewing court, the question arises whether the judgment of January 25, 1904, was correct in its amendment of the judgment of September 26, 1903, in leaving out a recital of the agreement already mentioned. The judgment of January 25, 1904, recites that the action of the court in amending the judgment of September

26, 1903, is based upon an inspection by the court of the bill of exceptions, filed on September 30, 1903, and of a minute made by the clerk upon his minute book. The bill of exceptions, and the minute upon the minute book of the clerk, do not justify the amendment of the judgment of September 26, 1903, in the respect indicated.

The bill of exceptions shows that, when the trial commenced, the attorney of the Grand Pacific Hotel Company announced that the question was "the amount of service that was rendered," and the attorney of the appellees made the following announcement: "We will dismiss the case without prejudice as to Glennie and proceed as to the Grand Pacific Hotel Company." This announcement of counsel for the appellees amounted substantially to a dismissal of the cause, although the clerk and the court failed to enter a formal order of dismissal in accordance with the announcement. Subsequently, however, the case was tried as though the only defendant interested was the appellant company. When the testimony on the part of the defense was closed, the recitation in the bill of exceptions is, "the defendant here rested," showing that only one defendant was regarded as having introduced testimony. The bill of exceptions shows that, on September 26, 1903, appellant made a motion to set aside the finding of the court and to arrest judgment, ahd its motion was entitled as follows: "William A. Pinkerton and Robert A. Pinkerton, doing business under the style of Pinkerton National Detective Agency, plaintiffs, v. Grand Pacific Hotel Company, defendant," showing that the appellant regarded the suit as a suit against the hotel company alone. Again, on June 22, 1903, the appellant made a motion to strike the testimony of the plaintiffs from the case and to find the issues for the defendant, and entitled the motion in the same way above indicated, that is, as being a suit against the Grand Pacific Hotel Company alone.

Again, on December 22, 1902, the appellees filed a bill in the Superior Court against the Grand Pacific Hotel Com-

pany alone, as defendant, setting up the facts as to the dismissal of the suit at law for want of prosecution on October 4, 1902, and the other facts as to the submission of the cause for trial to the court without a jury, and its being taken under advisement, etc., and praying that the court of chancery to whom the bill was addressed, should set aside and vacate the said judgment of dismissal, so entered on October 4, 1902. This bill was demurred to, and the demurrer was sustained, and the bill was dismissed. The motion·in arrest of judgment made by the Grand Pacific Hotel Company set out this bill, and the demurrer, and the decree of the court sustaining the demurrer and dismissing the bill, and urged it as *res judicata,* claiming that the question, as to whether the order of dismissal of the suit for want of prosecution should be set aside, had been passed upon and decided by the chancery court, and, therefore, that the law court had no jurisdiction to set aside that order. The general rule is that a plea of former adjudication ·must show that the two actions were between the same parties. (9 Ency. of Pl. & Pr. p. 626). The judgment against one of the obligors in a joint and several bond is no bar to an action against the other obligor, and, where a plea of former judgment contains an averment that it is between the same parties, a judgment against one of the parties is no bar to an action against the others. (*Shuster* v. *Perkins,* 2 Jones' L.—N. C.—217). If, as is now claimed by the appellant, the suit was a suit against the Grand Pacific Hotel Company and Glennie at the time the motion in arrest of judgment was made, then the decree in the chancery suit could not be set up as a former adjudication, or as *res judicata,* because the chancery suit was between appellees and the Grand Pacific Hotel Company alone. By seeking to use the decree in a. suit, where appellant alone was a party defendant, as a former adjudication or *res judicata,* the appellant admitted that the pending suit at law was against the appellant alone. It is not to be presumed that counsel for appellant would set up in a suit

at law against two defendants a decree in chancery, which had been rendered in a chancery suit where only one of such defendants was a party. Without going further into detail, the case was tried all the way through upon the theory that it was a suit against the Grand Pacific Hotel Company alone.

Again, the action of the court in amending the judgment of September 26, 1903, was based upon a minute made by the clerk in his minute book. When that minute, as it appears in the record, is examined, it shows that the entry there made was as follows: "By agreement, order of July, and appeal entered July 25, 1903, vacated; court to try the issues as to defendant Grand Pacific Hotel Company only." This minute of the clerk was a minute that the agreement made was to try the suit against the Grand Pacific Hotel Company only. It follows that the judgment of January 25, 1904, shows upon its face, that it was based upon a bill of exceptions and upon a minute of the clerk, both of which, when examined, establish the recital made in the judgment of September 26, 1903, as a correct and true recital.

For the foregoing reasons, we are of the opinion that this cause, under the facts, should be treated as a suit against the Grand Pacific Hotel Company alone. It would surely be unjust to make the appellees suffer for the neglect of the court officials to properly enter an order, dismissing the suit, when, as a matter of fact, the attorneys of the appellees ordered it to be dismissed.

*Third*—It is claimed on the part of the appellant that the court below erred in overruling its motion in arrest of judgment. This motion in arrest of judgment was made on September 26, 1903, and appears in the bill of exceptions, dated September 30, 1903. As a motion in arrest of judgment it was properly overruled by the court, because it was not based upon anything that appeared upon the face of the record. A judgment is never arrested, except for some intrinsic cause apparent upon the face of the record. (*Evans* v. *Lohr*, 2 Scam. 511). In *Jones* v. *People*, 53 Ill. 366, we

said: "On the point that the court erred in refusing to arrest the judgment, it will be remembered that such a motion is never proper or allowable, except for some intrinsic defect in the record." Here, the reasons, assigned for the motion in arrest of judgment, were that a bill in chancery had been filed in an equity court, asking that the order, dismissing the cause, be set aside, and that the bill had been demurred to, and the demurrer to it had been sustained, and the bill dismissed for want of equity. The facts thus set up in support of the motion in arrest appeared *dehors* the present record, and no defect, appearing upon the record of the present suit, was set up as a reason in support of the motion in arrest.

If the motion be regarded as a motion for a new trial, improperly called a motion in arrest of judgment, there was still no error in overruling it. It simply challenged the action of the court in entering the order of December 11, 1902, amending the record, and in entering the order of June 20, 1903, setting aside the former order of October 4, 1902, dismissing the cause. In entering the two orders in question the court considered and tried questions of fact *dehors* the record. It was, therefore, necessary for the appellant, if it wished to bring for review before this court the action of the court in entering those two orders, to take exceptions at the times when they were entered, and preserve those exceptions by a bill of exceptions. This was not done. "A motion for a new trial is designed to bring in review before the trial court the occurrences of the trial, and to present for consideration alleged errors during the course of the trial. (*Alford* v. *Dannenberg,* 177 Ill. 331). Motions upon the pleadings, and other matters arising before the trial is actually entered upon, furnish no basis for the motion for a new trial. * * * A new trial will not be granted on account of errors or defects in the pleadings. Errors in rulings on demurrers and motions relating to the pleadings may be reviewed on exceptions without a motion for a new trial. Such errors of law are not grounds for a new trial." (*Guyer* v.

*Davenport, Rock Island and Northwestern Railway Co.* 196
Ill. 370; 14 Ency. of Pl. & Pr. 827-829; 16 Am. & Eng.
Ency. of Law,—2d ed.—610, 611). A bill of exceptions
should be presented and signed at the term, at which judg-
ment is rendered, except in cases where counsel consent, or
the judge, by an entry on the record, directs that it may be
prepared in vacation and signed *nunc pro tunc.* The ques-
tions, arising in a suit before the submission of the cause to
the jury, or in case of a waiver of a jury, before the hearing
by the court, are to be determined summarily by the court,
and the court's rulings thereon must be preserved by a bill of
exceptions, settled at the term when they were made, or up-
on time allowed by the court, and matters relating thereto
will be expunged from the bill of exceptions, presented and
signed at a subsequent term, although the rulings were as-
signed as reasons for a new trial and the motion for new
trial was continued to such term. (*Guyer* v. *Davenport,
Rock Island and Northwestern Railway Co. supra*). So, in
the case at bar, the order entered by the court on December
11, 1902, amending the record by showing certain proceed-
ings which had been omitted through "error and misprisal,"
was based upon matters of fact outside of the record brought
to the attention of the court, and, if the appellant desired a
review of the action of the court in entering that order, it
should have excepted at the time it was so entered, and pre-
served its exceptions by a bill of exceptions, settled at the
term at which that order was entered, or within a time then
allowed by the court for that purpose. The same is true as
to the order of June 20, 1903. This course was not pursued
by the appellant, and, therefore, the matters, relating to the
entry of those orders, have been improperly embodied in
the bill of exceptions, presented and signed at a subsequent
term, to-wit, on September 30, 1903.

In addition to what has been said above, after this cause
was re-instated the appellant appeared and took part in the
proceedings, as appears from the recitation of facts already

made. It thereby waived its right to except to the order of the court re-instating the cause. After the cause was re-instated, the appellant should not have appeared at all, or at most should have confined itself to the resistance of any action proposed by the appellees. (*Prall* v. *Hunt,* 41 Ill. App. 140). In *Herrington* v. *McCollum,* 73 Ill. 476, where a cause, which had been dismissed, was re-instated, and the parties appeared at all subsequent proceedings, and followed the case to the Supreme Court, and made no objection that the case was re-instated without notice until after the case was remanded from the Supreme Court, it was held the right to raise that objection was waived; and it was there said (p. 479) : "The court unquestionably had jurisdiction of the subject matter of litigation; and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was re-instated, should either have not appeared at all, or limited their appearance to the objection against the jurisdiction of the court."

For the reasons above stated the judgment of the Appellate Court is affirmed. *Judgment affirmed.*