### H. A. Blount, Appellee, v. George H. Roberts, Appellant.

APPEALS AND ERRORS—*when questions not saved for review.* If the trial was before the court without a jury and neither the motion for the finding, the propositions of law nor the exceptions of the complaining party to the rulings of the court thereon, is preserved in the bill of exceptions, no questions except those of pleading are saved for review.

*Assumpsit.* Appeal from the County Court of McDonough county; the Hon. WILLIAM J. FRANKLIN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

MILLER and WALKER, for appellant.

No briefs filed by appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellee against appellant as indorser of a certain promissory note. A trial, which was had by the court without a jury, resulted in a judgment against appellant for the sum of $214 and costs. The declaration consists of the common counts and a special count, which in substance alleges that by a certain promissory note dated March 7, 1904, one Reimolds promised to pay to the order of appellant the sum of $250 in monthly installments of $5 each, upon certain dates therein specified; that on the day the note bears date the appellant indorsed and delivered the same to appellee; that the said Reimolds before and at the time and ever since the date of the maturity of said note, had been and was wholly insolvent, and that during all said time a suit to recover the amount due upon said note would have been unavailing as against the said Reimolds; that by reason of the statute in such case made and provided, appellee thereby became liable to pay to appellant the amount of said note.

Appellee pleaded the general issue, to which appellant filed a replication. The only evidence offered by appellee upon the trial as to a demand upon the maker at the maturity of the note, or of notice of dishonor to the appellant as indorser, was the following question and answer: "Q. Did you demand payment of the note? A. Yes, several times after due." The defendant introduced no evidence. It is disclosed by the common law record that at the close of the plaintiff's evidence the court overruled a motion by the defendant for a finding in his favor. It is contended by appellant that under the law merchant in order to render him liable as an indorser, the demand for payment should have been made upon Reimolds, the maker, on the day of maturity, and that notice should have been given to appellant as indorser, of the dishonor of the note, within forty-eight hours thereafter.

It will be seen that there was no issues of fact in

controversy. The question presented to the court for determination was one of law only. Neither the motion for a finding, the propositions of law, nor the exceptions of the defendant to the rulings of the court thereupon, is preserved in the bill of exceptions. The clerk's recitals in that respect are of no legal effect. Hotel Co. v. Pinkerton, 217 Ill. 61.

There being no questions of law or fact properly preserved for review by this court, the judgment of the Circuit Court is affirmed.

*Affirmed.*